THE TOWN OF HAY RIVER vs. THE TOWN OF SHERMAN.

*February 19 — March 18, 1884.*

*Division of town: Liability for support of paupers.*

1. Where a pauper has a legal settlement in a town, and such town is divided into two parts, from each of which a new town is organized, the new town in which such pauper actually dwells at the time of such division will thereafter be liable for his maintenance and support while he remains such pauper.

2. A pauper who is boarded or supported in a particular house, "actually dwells" therein, within the meaning of subd. 8, sec. 1500, R. S.

APPEAL from the Circuit Court for *Dunn* County.

This action was commenced, October 26, 1881, to recover the sum of $158.79 for the care and keeping of a pauper whose legal settlement was alleged to be in the defendant town.

On the 7th of April, 1868, townships 29 and 30, North, of range 13, West, in Dunn county were organized and created a town, known as the town of Sherman. On the 28th of June, 1879, said town was divided, the division taking effect April 6, 1880, and by such division the north half thereof, being said township 30, became the town of *Hay River*, the plaintiff herein, and the south half of the original town became the new town of *Sherman*, the defendant herein.

About March 1, 1875, one David P. Noble, who then re-

sided, and for more than a year immediately preceding had resided, in the south half of the original town of Sherman, and had a legal settlement in said town, became a pauper and a charge upon said town for his support. As such pauper he was kept and boarded, at the expense of said original town of Sherman and by the order of the supervisors thereof, at the houses of several persons in the south half of said town, from March 1, 1875 until some time in the month of August, 1877, at which time he was taken by the authorities of said original town to the house of one Crosby in the north half of said town, and was there kept and boarded, at the expense of said town and by the order of the supervisors thereof, up to and until the division of said town took effect, as aforesaid, April 6, 1880.

In April, 1880, after the division of the original town of Sherman, the supervisors of the two towns formed therefrom met and had a settlement of all matters arising out of the division, and divided the poor fund, general fund, drainage fund, and all other property of the original town; but the said pauper, David P. Noble, was in no way mentioned in said settlement.

On May 5, 1880, the supervisors of the plaintiff town served a notice in writing upon the supervisors of the defendant town, stating that said pauper, who had a legal settlement in the latter town, had become a charge upon the former, and requiring the supervisors to whom it was addressed to take charge of such pauper forthwith. On the same day the supervisors of the defendant town served a written notice denying the allegations of the notice served upon them.

On July 22, 1880, the plaintiff filed with the town clerk of the defendant town an itemized statement of its claim for the expenses of supporting said pauper after April 6, 1880, amounting to $48.40. A second itemized statement, amounting to $110.39, was filed March 16, 1881. The annual

town meeting of the defendant town was held April 5, 1881.

The foregoing facts were stipulated and agreed upon by the parties. The answer alleged, among other things, that the action was not commenced within the time limited by law and not until more than seventeen months had elapsed after the service of the notice above mentioned upon the supervisors of the plaintiff town by the supervisors of the defendant town; and that the action was therefore barred by sec. 1514, R. S. A general demurrer to that part of the answer was sustained, and an order entered that the plaintiff have judgment unless the defendant succeed on the remaining issues made by the answer.

The cause was tried by the court and the facts found as stipulated by the parties. As conclusions of law from those facts the court found that the action was not commenced within the time limited by law and was barred by sec. 1514, R. S.; and that the defendant was entitled to judgment. From the judgment entered accordingly the plaintiff appealed.

For the appellant there was a brief by *Hunt & Freeman,* and oral argument by *Mr. Freeman.* They contended, *inter alia,* that the settlement of Noble, gained by his residence in that part of the territory of the town of Sherman which remained in that town after the division, continued in the defendant town the same as though the division had not been made. *Township of Hopewell v. Township of Independence,* 12 Pa. St., 92; *Yarmouth v. North Yarmouth,* 44 Me., 352; *Town of Mason v. Town of Alexandria,* 3 N. H., 303; *Lewiston v. Auburn,* 32 Me., 492; *Malden v. Melrose,* 125 Mass., 304; *North Andover v. Groveland,* 1 Allen, 75; *Bridgewater v. West Bridgewater,* 9 Pick., 55; *New Braintree v. Boylston,* 24 id., 164; *Dalton v. Hinsdale,* 6 Mass., 501. The fact that he had been kept and boarded under a contract with defendant town for several years prior to the

·division, within the territory organized into the plaintiff town, did not effect a change of his settlement, nor did it constitute an actual dwelling or home, within the meaning of subd. 8, sec. 1500, R. S. *Smithfield v. Belgrade,* 19 Me., 387; *Brewer v. Eddington,* 42 id., 541; *Yarmouth v. North Yarmouth,* 44 id., 352; *Town of Scott v. Town of Clayton,* 51 Wis., 185; *Southbridge v. Charlton,* 15 Mass., 248. All questions between these parties relating to the pauper should be adjusted in the same manner as between any two distinct towns, or as though these towns had always been distinct and separate. *Bethany v. Oxford,* 15 Conn., 550; *Simsbury v. Hartford,* 14 id., 192; *Southbridge v. Charlton,* 15 Mass., 248, 251; *Bridgewater v. West Bridgewater,* 9 Pick., 55; *Princeton v. West Boylston,* 15 Mass., 257. Sec. 1514, R. S., should be construed in connection with secs. 824 and 4242, and the filing of the claim should be held to be the commencement of an action within the meaning of sec. 1514.

For the respondent there was a brief by *E. B. Manwaring,* attorney, and *John C. Spooner,* of counsel, and oral argument by *Mr. Spooner.*

CASSODAY, J. The pauper having acquired a legal settlement in the original town, there can be no doubt but what it became the duty of that town to support and maintain him down to the time of the division, and, in case of failure, that town was liable therefor. Such duty and liability, however, were upon the whole town, and not exclusively upon any fraction of it. Such legal settlement was in the original town as a whole, and not only in a fractional portion of it. The pauper had, therefore, in view of the statutes, a legal settlement in that portion of the original town which became the plaintiff town, as truly as in that portion which became the defendant town. Such legal settlement extended to the extreme · boundary of every portion of the original town. Such legal settlement in every part of the original

town having been acquired as early as March 1, 1875, continued down to the very time of the division. Subd. 7, sec. 1500, R. S. What effect did such division have upon such legal settlement and subsequent liability?

The statute provides, in effect, that "whenever any territory shall be organized into . . . any town, . . . *every person* having a legal settlement in *such territory, and* who actually *dwells* or *has his home* . . . *therein, shall thereafter* have a legal settlement *in such new town.* . . . The organization into . . . any town . . . of any territory, shall not prevent any person from acquiring a legal settlement therein, within the time and by the means by which he would have gained it there if no such new town . . . had been organized." Subd. 8, sec. 1500, R. S.

The pauper in question, at the time of the division had a legal settlement in that portion of the territory of the original town which now constitutes the plaintiff town, and actually dwelt therein; and hence, by force of the first clause of the statute quoted, he thereafter had a legal settlement in such new town. This view is enforced by the second clause of that statute; for had Mr. Noble, without being a pauper, moved from some other town into the south half of the old town, May 1, 1879, so as to become a resident therein, and continued to reside there until April 1, 1880, and on that day moved into and become a resident in the north half of the old town, and so continued such residence until May 1, 1880, and then become a pauper, he would, under the provisions of the statute quoted and subd. 4 of the same section, have acquired a legal settlement in the plaintiff town, notwithstanding his actual residence in that portion of the old town had only commenced five days before the division, and had continued in the new town for less than a month.

The words "actually dwells," in the statute, are cer-

The Town of Hay River vs. The Town of Sherman.

tainly broad enough to include one who is boarded or sup-
ported at a particular house;—certainly this is so when
applied to a pauper having a legal settlement in a town.
When so used, they would seem to mean nothing more than
the place where he actually remains, tarries, abides for some
length of time, continues, stays, sojourns. The place where
he actually lodges and takes his meals must come within the
meaning of the words "actually dwells." The statute is
not, who actually dwells *and* has his home therein, but
"who actually dwells *or* has his home . . . *therein.*" It
contemplates that a person may have what may be called "his
home," and yet be a subject of public charge; but, ordina-
rily, he is not so fortunate. Hence, to cover all cases, the dis-
junctive is used with the sweeping words, "actually dwells
. . . therein." The substance of the statute was taken
from Massachusetts, though changed in phraseology and
arrangement. There, instead of using the disjunctive, the
words are, "who actually dwells *and* has his home within,"
etc. This change is significant. We find no decision in that
state directly in point, nor any in conflict with the view sug-
gested. We must, therefore, hold that where a pauper has
a legal settlement in a town, and such town is divided into
two parts, from each of which a new town is organized, the
new town in which such pauper happens to actually dwell
at the time of such division will thereafter be liable for
his maintenance and support while he remains such pauper.

This view renders it unnecessary to consider the question
of the statute of limitations, so ably discussed by counsel,
or the question of reviewing the order on the demurrer, also
discussed.

*By the Court.*—The judgment of the circuit court is
affirmed.