64  560
102  30
64  560
106  647

## THE STATE v. LIVINGSTON.

1. **Intoxication of Juror**: NEW TRIAL. This court cannot say that there was error in overruling a motion for a new trial on the ground that one of the jurors was intoxicated one evening during the trial, where there was no evidence that he was in any degree under the influence of intoxicating liquors at any time while hearing the evidence and the arguments of counsel, or while deliberating upon the verdict.

*Appeal from Mahaska District Court.*

WEDNESDAY, OCTOBER 22.

THE defendant was indicted for murder in the first degree. He was tried and found guilty of manslaughter, and he appeals.

No appearance for appellant.

*Smith McPherson, Attorney-general*, for the State.

ROTHROCK, CH. J.—The cause is submitted to us upon a transcript of the record in the court below, without abstract or argument. The evidence which was introduced on the trial is not incorporated into the transcript. We have carefully examined the instructions to the jury, and think that they contain no error.

One of the grounds of the motion for a new trial, is, that one of the jurors who tried the case was under the influence of intoxicating liquors, and in the company of drunken men, after the jury was impaneled, and before the verdict. Affidavits to this effect were filed in support of the motion from

which it appears that the juror was intoxicated on a certain evening after the adjournment of the court, and before the evidence in the case had all been introduced. It does not appear, however, that the juror was under the influence of intoxicating liquors in any degree when engaged in the performance of his duty as a juror, during the introduction of the evidence, or during the arguments of counsel, or while deliberating upon the verdict.

Under the circumstances, and in the absence of a showing of prejudice, we cannot say that the court erred in overruling the motion for a new trial on this ground. *State v. Bruce,* 48 Iowa, 530.

AFFIRMED.