JACOB HOCKSTEDLER *et al.*, Appellees, v. DUBUQUE & SIOUX CITY RAILWAY COMPANY *et al.*, Appellants.

1. **Railroads** · FIRES SET FROM LOCOMOTIVES: EVIDENCE OF NEGLIGENCE. In an action to recover for a fire set out by a railway locomotive, there was evidence to the effect that the train was made up of so many cars that it required the full capacity of the engine to draw it over the grades; that there was a strong wind blowing at the time; that the fire was set out about seventy-five feet from the track, just over the summit of a heavy grade, and when the engine was expending all its power; and that when an engine is working at its full capacity it is liable to set out fires. *Held*, that the jury was warranted in finding either that the engine was defective, or that there was negligence in its operation.

2. ———: ———: ———: INSTRUCTION TO JURY. Where in such case evidence was introduced by the defendants to the effect that for some time before and after the fire the engine was in perfect order, an instruction to the jury that they should take into consideration the condition of the engine at the time of the fire "and other times, in so far as established by the evidence," was not erroneous.

*Appeal from Lyon District Court.*—HON. SCOTT M. LADD, Judge.

THURSDAY, MAY 18, 1893.

THE plaintiffs brought separate actions against the defendants to recover damages for negligently setting out a fire while operating a railroad train, by which certain property of the plaintiffs was destroyed. The actions were consolidated, and were thus tried to a jury. There was a verdict and judgments for the plaintiffs. The defendants appeal.—*Affirmed.*

*John F. Duncombe* and *J. M. Parsons*, for appellants.

*H. G. McMillan,* for appellees.

ROTHROCK, J.—I. There is no real .controversy as to the fact that a fire was set out by sparks which

1. RAILROADS: fires set from locomotives: evidence of negligence.

escaped from one of the defendants' engines while drawing a freight train over the road. The question for the jury to determine was whether the defendants by the evidence in the case established the fact that they were free from negligence. It is confidently claimed by counsel for the defendants that the evidence in rebuttal of the presumption of negligence is so con-clusive as that the court should have set aside the ver-dict as without support in the evidence. It has been determined by this court that it is for the jury to weigh the presumption of negligence in the balance against the evidence rebutting the presumption, and determine the case as they may think it should be determined. *Babcock v. Chicago & N. W. Railway Co.,* 62 Iowa, 593, and 72 Iowa, 197. There is evidence in the case that the fire was set out about seventy-five feet from the railroad track, and outside the right of way. There was a strong wind blowing, and the train was made up of so many cars that it required the full capacity of the engine to draw it over the grades. The fire was set out just over the summit of a heavy grade, and when the engine was expending all its power. It further appears that when an engine is working at its full capacity it is liable to set out fires. In view of all the evidence, we think the jury was authorized in finding that the engine was either defective, or that there . was negli-gence in the manner in which it was operated.

II. It is claimed that the verdict should be set aside because of alleged misconduct of plaintiffs' coun-sel in certain language used in his address to the jury. We do not regard the remarks as so objectionable as to require a reversal of the case. We need not set out the

alleged objectionable language. It nowhere appears in the record, except in the motion for a new trial. It is not embraced in the bill of exceptions.

III. An exception was taken to one of the paragraphs of the charge of the jury, because the jury was therein directed that in determining whether defendants were negligent it was proper to take into consideration the condition of the engine at the time of the fire "and other times, in so far as established by the evidence." It is claimed that this was erroneous, because the inquiry should have been limited to the time when the fire was set out. But evidence was introduced by the defendants to the effect that for some time before and after the fire the engine was in perfect order. It was proper for the jury to consider this evidence as bearing upon the condition of the engine at the time the fire was set out. The judgment of the district court is AFFIRMED.

2. ——: ——: ——: instruction to jury.