ELMER HALVERSON *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILROAD CO.

Argued April 20, 1894. Reversed May 4, 1894.

No. 8767.

**Authority of a Section Boss.**

It cannot be presumed that a section boss on a railroad has any more authority than what is necessary for the discharge of the duties ordinarily belonging to that position.

**Statements of Section Boss not evidence of Value.**

In a suit against a railroad company for the value of stock killed, the statements of its section boss as to the value of stock are not competent evidence of such value, unless it is proved that he had authority to bind the company by such statements.

**Agency not proved by admissions of the supposed agent.**

The declarations of an alleged agent, not a part of the res gestae, are not competent evidence of his authority.

Appeal by defendant, the Chicago, Milwaukee and St. Paul Railroad Company, from an order of the District Court of Fillmore County, *John Whytock*, J., made September 11, 1893, denying its motion for a new trial.

The plaintiff, Elmer Halverson, owned and occupied a farm on the line of defendant's railroad near Peterson. There was a farm crossing on his land. The gate in the railroad fence on the south side of the track was defective. On August 19, 1892, two yearling colts belonging to plaintiff escaped through this gate onto the track and were killed by a passing train. He brought this action to recover their value. On the trial plaintiff was a witness in his own behalf and after objection by defendant was permitted to testify before the jury that John Johnson, the defendant's section boss, told him that the interest of the company required that he should state about what cattle were worth in such cases, that Johnson said the colts were worth and he would report them worth $75 apiece. The jury found for the plaintiff and assessed his damages at $140. Defendant moved for a new trial. Being denied it appeals and assigns as error the ruling of the Judge on the trial admitting this evidence.

*Wells & Hopp*, for appellant.

The plaintiff testified after objection that the section foreman told him that the colts were worth seventy five dollars each, and he would report them worth that. There is no evidence that the section foreman was authorized to place a value upon the colts which would be evidence against defendant. The rule is well settled that statements of this nature are not admissible. *Doyle* v. *St. Paul, M. & M. Ry. Co.*, 42 Minn. 79; *Wall* v. *Des Moines & N. W. Ry. Co.*, 88 Ia. ——.

*G. W. Rockwell*, for respondent.

The evidence of what Johnson, the section foreman, said on the morning the colts were found injured was competent. It was his duty to report what cattle were worth in such cases. It being his duty to report the value of the animals, the value he fixed upon them, while not conclusive, was admissible evidence tending to show their value. Besides this conversation was at the time the accident was first discovered. It was when Johnson first found the

colts were injured and was so closely connected with the accident as to be a part of the *res gestæ*. *O'Connor* v. *Chicago, M. & St. P. Ry. Co.*, 27 Minn. 166.

CANTY, J. Defendant's railroad runs through plaintiff's farm. Two of his colts escaped through a broken and imperfectly fastened gate in the fence of defendant along its track, and were killed, and he brings this action to recover damages therefor.

The question of defendant's negligence and plaintiff's contributory negligence were for the jury, but we are of the opinion that there was an error in the admission of evidence.

Plaintiff was allowed to testify, against defendant's objection, that the section boss, Johnson, told him that the colts were worth $75 apiece. There was no evidence that the section boss had any authority from the company to value the colts, or that the question of the valuation of the colts or the settlement of the loss was a part of his business, or within the scope of his authority. It is true that the witness stated that the section boss said that "the interest in the company required him that he should state about what the cattle were worth in such cases." But the declarations of an agent are not competent to prove his authority. 2 Greenl. Ev. (14th Ed.) § 63, note b.

It cannot be presumed that a section boss has any more authority than what is necessary for the discharge of the duties ordinarily belonging to his position. If he had any further authority, it should be proved by competent evidence. The admission of this testimony was error. *Wall* v. *Des Moines & N. W. Ry. Co.*, 89 Iowa, ——, (56 N. W. 436;) *Doyle* v. *St. Paul, M. & M. Ry. Co.*, 42 Minn. 79, (43 N. W. 787.)

The order denying defendant's motion for a new trial is reversed, and a new trial granted.

BUCK, J., absent, sick, took no part.

(Opinion published 58 N. W. 871.)