XAVIER TESSIER *vs.* TOWN OF LAKE PLEASANT.

Argued April 23, 1894. Affirmed May 4, 1894.

No. 8 59.

Liability of towns for support of paupers.

Where the statute provides that all applications for aid to paupers shall be made to the board of supervisors of the town, and they, or a committee appointed by them, shall grant such relief as they shall deem necessary, *held*, that the town cannot avoid liability merely because the application was made to the individual members of the board, and not to the board when in session, or as an organized body. *Held*, there is sufficient evidence to sustain the verdict in this action.

Appeal by defendant, the Town of Lake Pleasant, from an order of the District Court of Polk County, *Frank Ives*, J., made March 19, 1894, denying its motion for a new trial.

The plaintiff Xavier Tessier was a resident of the Town of Lake Pleasant in Polk County. He was a renter on a farm there. Armenia De Mars came to his house in August, 1891, and made it her home and worked out most of the time as a servant in the houses of the neighbors. She left her trunk at Tessier's house and returned there in the intervals between her engagements at service for others. She was a distant relative of his wife and had no other relative in the state. She was taken sick in July, 1892, and became unable to earn anything. Plaintiff soon after notified two of the supervisors of the town and requested them to provide for her. In May, 1893, he commenced this action to recover of the town the reasonable value of her support for forty two weeks. He claimed it was worth six dollars per week. The town denied that Miss De Mars was a legal resident of the town and denied all other allegations in the complaint. The jury returned a verdict for plaintiff and assessed his damages at $189. Defendant moved for a new trial, but was refused and it brings this appeal.

*William Watts*, for appellant.

*A. R. Holston*, for respondent.

v.57M.—10

CANTY, J.    Plaintiff brings an action against the defendant town for the reasonable value and worth of the support of a pauper whom he claims had a settlement in said town, and whom the town refused and neglected to support.    Plaintiff had a verdict, and, from an order denying a motion for a new trial, defendant appeals.    The town is in Polk county, which has the town system of caring for the poor.

We are of the opinion that there was sufficient evidence that the alleged pauper was a pauper, had gained a settlement in the town, and sufficient evidence, on the other points raised, to sustain the verdict.    At the time the pauper became sick, and a public charge, she was residing at plaintiff's residence; and he notified two of the three members of the town board of the fact, and demanded that the town take care of her.    Laws 1889, ch. 170, § 3, provides that in such cases all applications for aid shall be made to the board of supervisors, and the board, or committees appointed by them, shall grant such relief as they shall deem necessary, etc.    It is urged by defendant that because the application for aid was not made to the board as an organized body, or when in session, but only to its individual members, it was not an application to the board, within the meaning of the statute.    We are not of that opinion.    1878 G. S. ch. 10, § 75, provides that the board shall meet annually on the Tuesday next preceding the annual town meeting, and at such other times as they deem necessary and expedient.

If it was necessary to apply at a meeting of the board, they could often avoid the liability of the town to furnish the aid required by law for nearly a year, by simply failing to hold any meeting but the regular annual meeting.    When the liability of the town must arise out of the voluntary contract of the board, the members of the board, acting as individuals, cannot create such liability.    But this is not such a case.    Here the liability arises by virtue of the statute, not by virtue of the acts of the board. The board should have appointed the proper committee, as provided by statute, to grant relief in such cases, or, having failed to do so, on receiving notice, as individuals, of the necessity for action, should have procured a meeting of the board to be regularly called to take action in the matter.    The town cannot avoid liability to third

persons by reason of the failure of its officers to do their duty. We find no other error in the record, and the order appealed from should be affirmed. So ordered.

BUCK, J., absent, sick, took no part.

(Opinion published 58 N. W. 871.)