ENGELHARDT HEMMI v. THE CHICAGO GREAT WESTERN
RAILWAY COMPANY AND THE CHICAGO, ST. PAUL
& KANSAS CITY RAILWAY COMPANY, Appel-
lants.

**Setting Fires:** RAILROADS: *Evidence.* That a fire originated from
sparks thrown by a locomotive, may be established by circumstan-
tial evidence.

SAME. A railroad company cannot be said, as a matter of law, to be
free from negligence where a fire is started by sparks from its
locomotive, although there was no fault in the engine or its man-
agement.

PRESUMPTION OF NEGLIGENCE: *Jury Question.* Under the rule that
proof of damage by fire set by an engine on a railroad is *prima
facie* evidence of negligence of the company, where such proof is
made, and evidence is introduced to show that there was no fault
in the engine or its management, a conflict arises on the issue of
negligence, which is to be determined by the jury.

**New Trial:** DRINKING BY JUROR. A new trial will not be granted
simply because some of the jurors drink beer while the trial was
in progress.

*Appeal from Dubuque District Court.*—HON. FRED
O'DONNELL, Judge.

SATURDAY, APRIL 10, 1897.

ACTION at law to recover damages resulting from
a fire set out by a locomotive while being operated on
defendant's line of road. Trial to a jury. Verdict
and judgment for plaintiff. Defendants appeal.—
*Affirmed.*

*D. W. Lawler* and *Lyon & Lenehan* for appellants.

*Longueville & McCarthy* for appellee.

DEEMER, J.— Plaintiff is the owner of one hundred and thirty acres of land in Dubuque county. Defendant's line of road runs through a portion of the land in a northeasterly and southwesterly direction, cutting the farm in two—except the northerly portion, which is bounded on the west by what is known as "Nutwood Park." Defendant's track runs immediately east of the park, and a steep and almost perpendicular bluff rises immediately east of the right of way, the rise in some places commencing on the right of way. The level space between the park and the bluff on plaintiff's land is almost wholly occupied by defendant's right of way. The main part of plaintiff's farm, including his improvements, is east of the railway track, and extends along the right of way for nearly a mile north and south. The bluff to which we have referred as lying east of the railway track was at the time in question covered with grass and a few straggling trees. On the day the fire occurred, defendant hastily started a wrecking train from its yards, which were south of plaintiff's farm, to go to the town of Kidder to remove a wreck from the track. The train ran north, passed the bluff to which reference has been made, and on about its mission. Shortly after it passed the bluff, fire was noticed in two or three places, two hundred and fifty or more feet apart, on the face of the bluff, by several witnesses who were inside the park. On account of a high wind which then prevailed, these fires spread rapidly over the face of the bluff, passed in a southeasterly direction, and finally reached the barn and other improvements belonging to plaintiff, which were situated on the top of the bluff, and totally consumed them. This action is to recover for the loss sustained.

The first point made by the appellant is, that the verdict is not sustained by the evidence. It is said,

that the record affirmatively shows that the fire was not set out by the passing engine, but by tramps, who were in that vicinity at or about the time of the fire, or, if this be not true, that the evidence leaves the case in such condition that it is impossible for any one to tell whether the fire was caused by the engine, or by the act of some third party, and that for this reason, there should have been a verdict for the defendant. It is also contended that the evidence shows affirmatively, that there was no negligence on the part of the defendant with respect to its engine, or in the management thereof, and that the *prima facie* case made by plaintiff, conceding that he established the setting out of the fire by the defendant, has been fully and completely overcome. It is true, that no one saw the spark fall which set out the fire, and that the cause of the conflagration is left largely to inference. But the plaintiff proved such a state of facts as justified the jury in finding that the fire was set out by the defendant's engine. The fact that the locomotive passed the place but a few moments before the fire was seen, that two or three fires were set out simultaneously, that several witnesses who were in the vicinity saw the fire start at about the same time, that it spread very rapidly, and was carried by a high wind to plaintiff's improvements, and some other matters to which we need not refer, point almost unerringly to the fact that the fire was set out by the locomotive. It is true that the defendant offered evidence to show that other fires were set out in the vicinity earlier in the day by tramps or vagabonds; and that the jury might have concluded that plaintiff failed in its proof upon this point. It is manifestly a case where the evidence is conflicting, and with the finding of the

jury we cannot interfere. There are two circumstances in the case which point quite strongly to the correctness of the verdict. The fire occurred early in the afternoon, and a very strong wind had been blowing from the northwest nearly all day. The fires set out by the tramps were seen early in the morning, and were in such places that it was almost impossible for fire or sparks to be carried in the direction of the place where the fire was first seen in the afternoon. Moreover, the wind was blowing so hard that the fire, had it come from that set out by the tramps, would have reached the plaintiff's premises much earlier in the day than it did. It was but a few moments from the time it was first seen upon the bluff until it spread rapidly, and reached the plaintiff's improvements. Looking to the whole record, it seems to us that the jury was fully justified in finding as it did on this question of fact.

II. As to defendant's negligence, we have frequently held that proof of damage by fire is in such cases *prima facie* evidence of negligence, and that the railroad company, to avoid liability, must overcome this presumption; and this it can do only by negativing every fact, the proof of which would justify a finding of negligence on its part. It follows, then, as said by this court in the case of *Greenfield v. Railroad Co.*, 83 Iowa, 270 (49 N. W. Rep. 95), that, if it be conceded there was no fault in the engine or its management, it cannot be said, as a matter of law, that the fire was not the result of negligence. But, if this were not the rule, the point relied upon by appellant is of no avail, for the reason that we have expressly held that in such cases there is a conflict in the evidence,—the *prima facie* case of negligence made by the plaintiff standing on one side of the issue, and the direct evidence of the defendant as to its care and diligence upon the other,—

and that it is the duty of the court to submit such conflict to the jury. *Babcock v. Railroad Co.*, 62 Iowa, 593 (13 N. W. Rep. 740, and 17 N. W. Rep. 909); Id., 72 Iowa, 197 (28 N. W. Rep. 644, and 33 N. W. Rep. 628); *Greenfield v. Railroad Co., supra*; *Hockstedler v. Railroad Co.*, 88 Iowa, 236 (55 N. W. Rep. 74). These rules to which we have called attention were sufficient to take the case to the jury, and to sustain the verdict, if there had been nothing but the presumption of negligence in plaintiff's favor. But we find on looking to the record that there was evidence to the effect that the spark arrester was not in good condition at the time of the fire. The engine was an old one, and it had been patched or repaired both before and shortly after the fire. These repairs were made so short a time after the conflagration as to justify the inference that the locomotive was not in good condition on the day in question.

III. Defendant asked instructions to the effect that the evidence in its behalf showed there was no negligence, and that a verdict should be returned in its favor. These instructions were refused, and we think properly so, for the reasons stated in the former part of this opinion.

IV. The twenty-ninth instruction, being a request made by the defendant, with certain modifications added by the court, is complained of. The instruction, as modified, is directly in line with the case of *Greenfield v. Railroad Co.*, and needs no further attention.

V. Other instructions are complained of in a general way. We have examined each and all with care, and find no error. They state the rule as it has been announced by this court many times, and clearly and distinctly apply it to the facts disclosed in evidence.

VI. One of the grounds for a new trial was misconduct on the part of the plaintiff's son, in treating

some of the jury during the progress of the trial. The
alleged misconduct is not established. The two jurors
who it is charged were the recipients of the son's favor,
deny the charge, and the court below was fully
justified in finding that it was not true. It is
likely true that some of the jurors drank beer
during the time the trial was in progress, and before
the submission of the case, but this of itself is not
sufficient to vitiate the verdict. *State v. Bruce*, 48
Iowa, 536; *State v. Livingston*, 64 Iowa, 560 (21 N. W.
Rep. 34).

VII. Misconduct of plaintiff's counsel is another
ground of complaint. Some of the remarks made by
plaintiff's counsel were hardly justified by the record,
but the court below immediately called him to order;
and counsel retracted his statement, and made such
explanation thereof to the jury as that no prejudice
could possibly have resulted. At any rate, there was
no such abuse of discretion in the trial court with ref-
erence to this matter as to justify us in interfering.

VIII. Certain rulings on the admission and rejec-
tion of testimony are complained of. We have exam-
ined them all, and with care, and discover no error.—
AFFIRMED.