E. PETERSON v. TOWN OF EMARDVILLE.[1]

April 26, 1907.

Nos. 15,117—(38).

**Pauper—Division of Town.**

Upon a division of a town and the creation of an independent municipality from a part of its territory, the settlement of a self-supporting person is in the municipality in which he happens to dwell at the time of such division; but if a person goes from one part of the town to another part, which is afterwards incorporated as a new municipality, and is there continuously supported from the date of his removal until such division as a pauper by the old town, it thereafter continues liable for his support.

**Same—Evidence.**

The evidence is sufficient to support the verdict of the jury to the effect that the person for whose support compensation is claimed from the defendant town was continuously supported by it as a pauper during the entire time that he dwelt in that part of its territory which was afterwards incorporated as an independent village.

[1] Reported in 111 N. W. 652.

Action in the district court for Red Lake county to recover $211.75 for the care and support of a pauper. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of plaintiff for $109.64. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*E. M. Stanton* and *W. E. Rowe,* for appellant.

*Wm. A. Tautges,* for respondent.

START, C. J.

Action to recover from defendant town for the care and support of an alleged pauper whom the plaintiff claimed was a charge upon the town. The answer of the defendant denied all liability for his support. A verdict was returned for the plaintiff, and the defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

The assignments of error raise the question of the sufficiency of the evidence to support the verdict and the correctness of the instructions of the trial court to the jury. The evidence is undisputed that the defendant is an organized township in the county of Red Lake, this state, in which the township system of caring for the poor is in force; that Sampson Helland was a resident thereof for some seven years prior to February 7, 1905, when the village of Plummer was duly incorporated as a municipality, whose territory was formerly a part of the territory of the township; that at the time of such incorporation Helland was living within the territory which became the village of Plummer, and was a pauper for whose support the defendant town was paying; that after the village was incorporated the town refused longer to care for and support him, claiming that it was no longer liable for such support for the reason that the village was so liable; and, further, that after such refusal by the town the plaintiff supported Helland as claimed in the complaint.

The only question for our decision is whether or not the town continued to be liable for the support of Helland after the territory upon which he was residing became a part of the territory of the independent municipality, the village of Plummer.

The trial court instructed the jury to the effect that, if the town paid for the support of the pauper during all the time that he lived within

the limits of the present village of Plummer before its incorporation, the town continued to be liable for his support after the village was organized. This instruction was correct if the evidence was sufficient to justify a finding by the jury that, when Helland went to reside in that part of the town of Emardville which is now within the territory of the village of Plummer, he went there, not as a self-supporting person, but as a pauper, to be there supported by the town. While our statute makes no specific provisions for the support of paupers upon the division of a town by the creation of a village or other municipality out of a part of the original territory of the town, yet upon principle and authority we hold the rule in such a case to be this: Upon a division of a town and the creation of an independent municipality from a part of its territory the settlement of a self-supporting person is in the municipality in which he happens to dwell at the time of such division; but if he goes from one part of the town to another part, which is afterwards incorporated as a new municipality, and is there continuously supported from the date of his removal until such division of the old town, it thereafter continues liable for his support. Wellcome v. Town of Monticello, 41 Minn. 136, 42 N. W. 930; 22 Am. & Eng. Enc. (2d Ed.) 977.

The case of Town of Hay River v. Town of Sherman, 60 Wis. 54, 18 N. W. 740, cited by the defendant, is not here in point, for the reason that the decision in that case turned upon the construction of a statute.

The real question, then, in this case, is whether or not Helland went to reside in that part of the town which afterwards became the village of Plummer as a self-supporting person, or as a person to be there supported as a pauper by the town. We are of the opinion that the evidence is sufficient to sustain a finding by the jury to the effect that he went into the territory now included in the village of Plummer as a pauper, and that he was thereafter continuously supported therein by the town to the time of the division. It is true, as claimed by the defendant town, that he had never been supported by it before his removal; but it does not follow from the concession that he went into the territory which is now the village as a self-supporting person. On the contrary, the evidence tends to show that the very reason and purpose of his removal was that he was unable to support himself, and

that he went to live with a party who would take care of him if the town would pay for his support, and that it did so. It follows that the instructions of the court and the verdict were right.

Order affirmed.