## WARREN HOSPITAL ASSOCIATION v. TOWN OF MIDDLE RIVER.[1]

April 17, 1931.

No. 28,260.

[1]Reported in 236 N. W. 211.

*Rasmus Hage,* for appellant.
*W. O. Braggans,* for respondent.

HOLT, J.

Plaintiff appeals from the order denying it a new trial after verdict for defendant.

Plaintiff operated a hospital at Warren, Minnesota, at the time Emmet Gorman was brought there between four and five o'clock a. m. August 12, 1928, with a badly fractured femur and other injuries. A doctor had found him near the railroad track at Argyle, and, deeming the injuries such that the medical treatment and nursing essential could be had only at a hospital, he took Gorman to plaintiff's hospital. It was an emergency case. His parents came there about the same time or shortly after. At any rate, the manager of the hospital sought to obtain some money from them to cover expenses and was informed by the mother that they could not pay the bill but would try to raise some. She subsequently paid $25. Before he was in condition to be moved the parents refused to pay any more. Twelve weeks passed before Gorman could leave the hospital. Marshall county has the "town system" for caring for the poor. Gorman had a settlement in defendant town in that county. While in the hospital he petitioned the town for aid. Plaintiff also demanded of a member of the town board that the town reimburse it. The town declined, and this action for compensation followed.

Of the assignments of error we deem only two of some merit. One of the issues was whether Emmet Gorman was a pauper or poor person. Over objections the court received in evidence a letter written by Gorman October 20, 1929, from Pontiac, Michigan, stating: "I got a good job for all winter making $150.00 a month." That Gorman nearly a year after leaving the hospital had obtained profitable employment in a distant state does not tend to disprove plaintiff's case that he was absolutely destitute when at

the hospital. That he was an ablebodied man of mature age and capable of earning wages before the injuries rendered him helpless and in dire need of emergency treatment appears from the record; but, that notwithstanding, it also appears that he had no money or means at all when taken to the hospital and that he had no way of obtaining help except by applying to defendant, which he did, September 6, 1928, informing it that he had no property and was four dollars in debt to a clothing store. The letter should not have been permitted in evidence.

The court instructed that to render a verdict for plaintiff the jury must find that "Emmet Gorman was a pauper at the time the care and treatment were rendered and continued to be such pauper up to the time of the commencement of this action," April 9, 1929. Error is assigned upon the part which places the burden upon plaintiff to prove that Gorman remained a pauper from the time he left the hospital until suit was brought. At first blush respondent's contention may seem plausible, that if, after the necessary emergency aid has been furnished a pauper by someone other than the municipality of his settlement, the pauper's condition has changed so as to enable him to pay, the suit to recover for the aid furnished should be against him and not against the municipality obligated to furnish the aid at the time it was rendered. But we think the contention is not sound. In the case of furnishing emergency aid to a minor pauper by a municipality other than the one of the minor's settlement, the former may maintain an action to recover against the latter without first having recourse to relatives of the pauper minor who by statute are obligated to pay for such emergency aid. Hendrickson v. Town of Queen, 149 Minn. 79, 182 N. W. 952. But what is more to the point, the law of this state placed the obligation upon defendant to pay for the necessary emergency aid to Gorman if he was a pauper when such aid was rendered by plaintiff. We need only cite Robbins v. Town of Homer, 95 Minn. 201, 103 N. W. 1023; Id. 100 Minn. 547, 110 N. W. 1134. Defendant is not in a position to urge that plaintiff's recourse is against Gorman if after the accrual of its cause of action against defendant Gorman has ceased to be a pauper. We con-

ceive that under our law the jury should have been instructed that, if when received at the hospital Gorman was destitute, that is, a pauper so as to obligate defendant to furnish him aid, and his injuries were such that hospital care and treatment was an urgent necessity, plaintiff was entitled to recover the reasonable value thereof up to the time he safely could be discharged from the hospital. It was error to inject the condition that plaintiff should establish that Gorman remained a pauper from the time of his discharge until suit was brought.

For the errors noted the order denying a new trial is reversed.