ARLIE JORGENSON v. CITY OF NORTHFIELD.[1]

December 12, 1941.

No. 32,990.

*Burton R. Sawyer,* for appellant.
*James O. Caulfield,* for respondent.

HOLT, JUSTICE.

Plaintiff appeals from an adverse judgment ordered on the pleadings.

The complaint alleged that defendant was a city of the fourth class in a county having the township system of poor relief; that Ila Kay Nielson was born in defendant city, February 25, 1936; that on July 30, 1937, this child was by the probate court of Rice county adjudged feeble-minded and committed to the guardianship of the state board of control; that since July 1, 1938, "plaintiff has maintained and supported the above named child in his home and is now so doing"; that said maintenance and support is of

[1] Reported in 1 N. W. (2d) 364.

the reasonable value of $15 per month; that relief authorities, acting through defendant, paid plaintiff $15 per month for such maintenance and support of the child from July 1, 1938, to March 1, 1939; that plaintiff has filed a verified claim against defendant for such maintenance and support since March 1, 1939, but defendant has refused to pay plaintiff; that plaintiff's income is insufficient to care for this child and that none of its relatives have property or means to support it; that defendant, in order to induce plaintiff to furnish maintenance and support for this child, promised that it would pay therefor at the rate of $15 per month, and in reliance on such promise plaintiff permitted the child to enter his home. Wherefore he asks judgment against defendant for $150.

The answer made certain admissions and denials of the allegations of the complaint, and, as a defense, averred that plaintiff is an individual and the action is not commenced "by any township, town, village, city, or county of the state" or by agency of the state. This allegation the reply admitted.

The question presented is whether an individual who has furnished maintenance and support to a pauper child can sue and recover of the municipality, in which the child has a poor relief settlement, without alleging that the support or aid was furnished in an emergency.

The fact that the child has been adjudged feeble-minded and committed to the guardianship of the state board of control does not impose on the guardian the duty to support. County of Stearns v. Township of Fair Haven, 203 Minn. 11, 279 N. W. 707. Unless placed in some state institution or otherwise cared for, the municipality in which such child has a settlement for poor relief is liable for its support. However, it is well settled by statutes and our decisions construing them that an individual cannot sue the municipality of the pauper's settlement for the value of the relief furnished by such individual to the pauper unless in case of an emergency. That is, the subject of such relief was in a situation where speedy help was urgent to avoid

serious danger to such person. There are no allegations in the complaint from which it can be inferred that plaintiff took the child into his home or kept it there for these many months under a compelling emergency. Robbins v. Town of Homer, 95 Minn. 201, 103 N. W. 1023; Hendrickson v. Town of Queen, 149 Minn. 79, 182 N. W. 952; Warren Hospital Assn. v. Town of Middle River, 183 Minn. 230, 236 N. W. 211.

We do not think the cases cited by plaintiff involved the question here presented, whether an individual who has furnished support to a pauper may directly sue the municipality of the pauper's settlement for the value thereof without allegation or proof that the pauper was in a situation of imminent danger unless aid was given at once. Odegaard v. City of Albert Lea, 33 Minn. 351, 23 N. W. 526, was decided on the ground that the trial court erroneously concluded that a local or special statute did not apply to the city of Albert Lea. Nor was the right to maintain suit by an individual for support furnished a pauper in the absence of an emergency presented in Tessier v. Town of Lake Pleasant, 57 Minn. 145, 58 N. W. 871. Peterson v. Town of Emardville, 101 Minn. 24, 111 N. W. 652, also cited by plaintiff, did not involve the question here presented. There are no allegations in the complaint of proper application for poor relief in behalf of this child.

From what plaintiff's counsel states in his brief, there can be little merit in the allegation in the complaint that defendant, to induce plaintiff to take the child into his home, promised to pay therefor $15 per month and that in reliance on such promise plaintiff did take the child into his home. It is stated in the brief that this promise was in consideration that plaintiff marry the child's mother, which he evidently did. If such bargaining by an outsider in respect to the parties to a marriage is not against public policy, our attention has been called to no statute authorizing a city of the fourth class to be a party to any such condition in a marriage contract.

The judgment is affirmed.