CITY OF MADISON, Respondent, vs. STATE DEPARTMENT OF PUBLIC WELFARE, Defendant: TOWN OF BURKE, Appellant.

*December 1, 1952—January 6, 1953.*

638

For the appellant there was a brief by *Field, Rikkers & Brickhouse* and *John B. Brickhouse,* all of Madison, and oral argument by *Mr. Brickhouse.*

For the respondent there was a brief by *Harold E. Hanson,* city attorney, and *Alton S. Heassler,* assistant city attorney, and oral argument by *Mr. Heassler.*

· A brief was filed by *Richard R. Rynders* and *Lloyd A. Schneider,* both of Madison, as *amici curiae.*

CURRIE, J. The determination of the issue of whether Rolf had his legal settlement in the town of Burke or in the city of Madison at the time Columbia county supplied relief to him in 1949 is dependent upon the proper construction of sec. 49.02 (8), Stats. 1943, since renumbered sec. 49.10 (9), reading as follows:

"Whenever any territory shall be organized into or attached to any town, village, or city every person having a legal settlement in such territory, and who actually dwells or has his home, or if absent, had his last dwelling place or home therein, shall thereafter have a legal settlement in such new town, village, or city or in the town, village, or city to which such territory is so attached, as the case may be. The organization into or attachment to any town, village, or city of any territory shall not prevent any person from acquiring a legal settlement therein within the time and by the means by which he would have gained it there if no such new town, village, or city had been organized or such territory had not been attached."

All parties agree that Rolf had his legal settlement in the town of Burke at the time a portion of said town was annexed to the city of Madison on November 23, 1944, and that when he so acquired such legal settlement he was living in said territory which was thereafter annexed to said city. If he had actually dwelt, or had his home, in the territory annexed at the time such annexation became effective, there would be no room for argument but that his legal settlement by operation of the statute would have been transferred from the town of Burke to the city of Madison. However, he was not dwelling in the annexed territory at the time of annexation but was then living in the city of Madison. The controversy revolves around the interpretation of the words of the statute *"if*

*absent, had his last dwelling place or home therein"* [the annexed territory].

The respondent city maintains that the absence referred to by the statute is a temporary absence during which the person in question retains his last dwelling place or home in the annexed territory, while the town of Burke contends that this provision of the statute is directly applicable to the facts in the instant case where Rolf had left the town of Burke, apparently with no intention of returning.

We hold it·to be significant that the present tense is used in the statute in alluding to the person *"who actually dwells or has his home"* in the annexed territory, while the past tense is used in referring to the person who is absent, inasmuch as the word *"had"* is employed instead of *"has."* This seems to us to plainly imply that the absent person referred to no longer retains his dwelling place or home in the annexed territory but is actually dwelling elsewhere. We, therefore, conclude that such part of the statute, which refers to a person being absent, has reference to a permanent absence and not a mere temporary absence.

Inasmuch as Rolf had his last dwelling place or home while residing in the town of Burke in the annexed territory and his legal settlement was in the town of Burke at the time of annexation, it necessarily follows that such legal settlement was transferred to the city of Madison as a result of the annexation.

The section of the statutes before us in this case first appeared in the Revised Statutes of Wisconsin 1878, as sec. 1500, 8. It is the same today as it was then with minor changes in wording. When so enacted the revisor of statutes in his note stated that this law was taken from a Massachusetts statute. This court in *Hay River v. Sherman* (1884), 60 Wis. 54, 59, 18 N. W. 740, stated that "the substance of the statute was taken from Massachusetts, though changed in phraseology and arrangement." The slight change in

phraseology pointed out by the court in the *Hay River Case,* while deemed important in the determination therein made, is of no significance in the instant case. Vermont also enacted a statute on the subject similar to the Massachusetts statute. Our conclusion herein as to the correct interpretation of our Wisconsin statute is in accord with the decisions in the cases of *Inhabitants of Brewster v. Inhabitants of Harwich* (1808), 4 Mass. 278, and *Wilmington v. Somerset* (1862), 35 Vt. 232, based upon the similar statutes of Massachusetts and Vermont.

The brief in behalf of the respondent city attempts to interject one further issue. In 1940, while Rolf was residing in the city of Madison, such city obtained a removal order pursuant to sec. 49.03 (9), Stats. 1939, requiring Rolf to move back to the town of Burke or forfeit all right to public aid. He obeyed such order, moved back to the town of Burke for a few months, and then again moved away from such town. After such moving away from the town of Burke, such town did for a brief period again supply relief, but the last period as to which it supplied relief to Rolf ended March 9, 1942, over two years prior to the effective date of annexation, and thereafter no further relief was supplied to Rolf by such town.

The respondent city maintains that it was illegal for the town of Burke to have supplied any relief to Rolf subsequent to the removal order of July 5, 1940, during such period of time when Rolf resided outside the limits of the town of Burke, and that by such illegal act the town of Burke should now be responsible for payment of the relief supplied by Columbia county, rather than the city of Madison. No authorities whatever are cited by respondent city in support of this last-mentioned contention. Assuming, without deciding, that it was illegal in 1942 for the town of Burke to have supplied relief to Rolf while he was residing without the limits of the town, we fail to see how such illegal act would prevent the provisions of sec. 49.02 (8), Stats. 1943, now

sec. 49.10 (9), from operating upon the annexation being consummated.

*By the Court.*—Judgment reversed and cause remanded with directions to affirm the order of the State Department of Public Welfare.