JAMES E. WHITCOMB v. LEON H. HARDY and Others.

July 12, 1898.

Nos. 11,198—(184).

**Rescission of Contract—Prompt Action Necessary—Ratification.**
Where a party seeks to rescind a contract, he must act with reasonable dispatch and promptitude, and not wait until the rights of third parties have become materially involved; and if, knowing all the facts, he voluntarily ratifies the contract, by treating the consideration received as his own, and the other party cannot be put back in statu quo, a rescission will not be permitted.

**Person of Mental Incapacity—Ratification in Lucid Interval.**
A person making a contract, in form and substance, while under mental incapacity, may subsequently, when rational, so act as to constitute a ratification equivalent to an express agreement, which will be binding upon him, especially if he retains and enjoys the fruit thereof.

Action in the district court for Hennepin county against Leon H. Hardy, Jennie A. W. Hardy, Minneapolis Trust Company and James W. Griffin to cancel certain deeds and mortgages executed by plaintiff, and to recover $25,000 damages from all of the defendants, except the trust company, on the ground of a conspiracy between defendants, other than the trust company, to defraud plaintiff of his property. The cause was tried before Simpson, J., and a jury, on certain issues of fact, and the court afterwards made additional findings in favor of defendants. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Henry M. Farnam,* for appellant.
Plaintiff's charge of a conspiracy to defraud was fully proved.

This court has laid down a rule which enables plaintiff to show results from which conspiracy will be presumed. Redding v. Wright, 49 Minn. 322. Even gross inadequacy of consideration stamps the transaction with the earmarks and badges of fraud. Gross inadequacy of consideration, such as to shock the conscience, is presumptive evidence of fraud. Gordon v. Tweedy, 71 Ala. 202; Bartles v. Gibson, 17 Fed. 293; Veazie v. Williams, 8 How. 134; Byers v. Surget, 19 How. 303; Story, Eq. Jur. § 246; Hoppin v. Doty, 25 Wis. 573.

As to respondents' claim that Mrs. Hardy cannot be placed in statu quo because of the judgments against appellant which are liens on the property, it is sufficient to say that it is through Mrs. Hardy's own fault that her undivided one-half interest in this property has become burdened with these judgments. It is a well-settled maxim that a person cannot take advantage of his own wrong. Broom, Leg. Max. 255, 446.

*Flannery & Cooke,* for respondents.

BUCK, J.

This action was brought by the plaintiff to recover damages, and to rescind and cancel certain deeds and mortgages executed by him, which mortgages are now held by the Minneapolis Trust Company for the defendant Jennie A. W. Hardy, who is a sister of the plaintiff.

Some time in the year 1860 their father, Silas Whitcomb, died in California, and left as his heirs at law his widow and these two children. Subsequently the widow married George B. Wright, and they lived in Minneapolis until 1881, when Wright died. The plaintiff, his said sister and Mrs. Wright each gave a power of attorney to the defendant Griffin to manage their respective estates which they had inherited from said Silas Whitcomb. Jennie A. W. Hardy was married to the defendant Leon Hardy on May 24, 1888, and from that time resided in Paris, France; returning to this country about October 10, 1890, at which date the property inherited from their father consisted of real estate situated in the states of Minnesota and Dakota, and was held by them as tenants in common, subject to the life estate of the mother. Mrs. Wright had advanced

to Mrs. Hardy $7,500, and to this plaintiff she had advanced a larger sum of money; and the three agreed that plaintiff and Mrs. Hardy should deed to their mother 14 lots in Whitcomb's subdivision in payment of the money which she had advanced to them.

All of the property so inherited by plaintiff and his sister being held by them as tenants in common, Mrs. Hardy was anxious to have this property divided, so that she would have title to her share separately; but plaintiff refused to make this division as to a tract called "Huy's Reserve Two Acres," which had not been platted, but finally agreed to plat a tract known as "Babbitt's Outlots," so that it could be divided, and agreed upon a division of all the other property held in common by them, except Huy's Reserve, and plaintiff proposed that either Mrs. Hardy or himself buy the interest of the other in that tract. After some difficulty as to price, it was agreed that plaintiff should pay Mrs. Hardy $45,000 for her interest in two tracts, she to deed lot 12, block 10, in North Minneapolis, to plaintiff. To complete the agreement, it was necessary to have Babbitt's Outlots platted, which was done. Plaintiff conveyed his interest to Mrs. Hardy, and she and her husband conveyed her interest to plaintiff; but, in payment for Mrs. Hardy's interest in the Huy's Reserve and lot 12 in block 10, the plaintiff executed and delivered a promissory note for $42,500, secured by a mortgage on the Huy's Reserve property, and executed a note for $2,500, secured by a mortgage on said lot 12. These notes and mortgages, however, were made payable to Mary T. Atherton. The defendant Griffin, as attorney in fact for her, immediately indorsed the said notes to Mrs. Hardy, and also assigned said mortgages to her, and retained possession thereof for her. These notes and mortgages were made in the name of Mary T. Atherton, at the suggestion of Griffin, for the accommodation of Mrs. Hardy.

During the negotiation for a division of the property, lasting several months, all of the parties resided at Mrs. Wright's house; and the transaction was closed January 29, 1891. Griffin had acted for all the parties in regard to said estate, and had charge of the same for many years. When plaintiff's note became due, January 29, 1892, he gave his notes therefor to Mrs. Hardy, who kept the same until some time in 1893, when she surrendered them to plain-

tiff; and the indorsement of payment of interest was erased from the original notes, so that the interest might remain secured by the mortgages. No part of the interest has been paid. The notes and mortgages were on or before September 2, 1892, duly assigned by Jennie A. W. Hardy to her husband, Leon H. Hardy, who about May 15, 1894, assigned them to the Minneapolis Trust Company, and it holds the same in trust for Jennie A. W. Hardy; and, before the commencement of this action, it had instituted proceedings to foreclose the mortgages by advertisement.

In August, 1894, plaintiff commenced an action against Leon H. Hardy, Jennie A. W. Hardy, the Minneapolis Trust Company and Mary T. Atherton to have the deed conveying his interest in Huy's Reserve, his notes and mortgages canceled, upon the ground that at the time of the execution thereof he was mentally incapacitated legally to do such acts. That case was tried, and judgment entered against plaintiff, which the defendants claim is res adjudicata as between the plaintiff and the defendants who were parties to the former action.

This point or question we need not consider, as, upon the other facts in the case, the plaintiff has not proved a cause of action against the defendants.

This action was commenced in April, 1896; and the plaintiff bases his right to recover upon the ground that, by reason of the use of intoxicating liquors, his mind was so impaired that he was without judgment, discretion or intelligence at the time of the execution and delivery of said notes and mortgages, and therefore incapable of understanding the nature of the transaction, or the making of a valid contract. He also alleges in his complaint that the defendants knew of his mental condition at the time of the transaction, and that they conspired, wrongfully and fraudulently persuaded and influenced him to execute the same in fact and to make a division of said property, without any mental or legal consent thereto. The trial court submitted the question as to whether the plaintiff knew the nature and effect of his acts when he made the deeds and mortgages described in the complaint to a jury, and it answered, "No."

The court made findings of facts upon other issues, one of which

findings was that there was no conspiracy or fraud between the defendants, as charged in the complaint. The court also found as facts that said lot 12 in block 10 was improved, and, after the conveyance of defendant Jennie A. W. Hardy's one-half interest therein to plaintiff, he entered into possession of said lot, and leased the same and ever since has collected the rents therefor, amounting to about $120 per annum; that he did not pay any taxes whatever levied upon said lot since he became the owner of the whole thereof, and the same was sold for taxes as provided by law, and on August 22, 1896, notice of the expiration of redemption was duly served upon him by the sheriff of Hennepin county, and no redemption thereof was made by him or any one else, and, because thereof, the tax title to said property has matured in Albert S. Johnson; that after the defendant Jennie A. W. Hardy conveyed her interest in said Huy's reserved two acres, and in 1894, the wife of plaintiff and her brother, doing business under the name of Whitcomb & Rogers, with plaintiff's knowledge and consent entered into the possession of said Huy's reserved two acres, and erected thereon a large three-story building, costing about $3,000; that on February 9, 1892, James E. Whitcomb, by warranty deed, conveyed to his mother, Carrie A. Wright, 17 of the lots which he received in the division in Whitcomb's subdivision, for the expressed consideration of $21,000; that on September 2, 1892, plaintiff, by warranty deed, conveyed to his mother, Carrie A. Wright, 4 of the lots which he received on the division of the lots in Hardy's subdivision, the land which he received in Meeker county, and other land, for the expressed consideration of $4,000; that in October, 1892, the plaintiff, by warranty deed, conveyed to Walter Gregory 3 of the lots which he received in the division of lots in Whitcomb's subdivision, and prior to the commencement of this suit had conveyed away or disposed of all of the property which he received in the division made as aforesaid, except Huy's Reserve; that the lots which the defendant Jennie A. W. Hardy received in Whitcomb's subdivision were on said January 29, 1891, of the value of $2,000 more than the lots which the plaintiff received in said Whitcomb's subdivision; that plaintiff did not in any manner object to the division of said property made as

aforesaid between the defendant Jennie A. W. Hardy and himself prior to the commencement of this action.

And as conclusions of law the court found that plaintiff is not entitled to the cancellation of either of said notes, or of said mortgages, or of said deeds; that said defendants, and each of them, are entitled to the judgment of this court in their favor, that said action be dismissed upon the merits, and that the defendants, and each of them, go hence without day, and recover from plaintiff their costs and disbursements herein to be taxed.

While the jury found that, at the time plaintiff made the deeds and mortgages, he did not know the nature and effect of his acts, it does not appear whether this want of knowledge was caused by temporary mental incapacity or not. It is fairly inferable from the finding of facts by the court that his subsequent conduct and acts in relation to the transactions were done after plaintiff had recovered his mental capacity. It also appears that during a period of several years, commencing soon after the execution of said conveyance, and up to the time of the commencement of this suit, he acted in respect to the transaction in direct recognition and ratification of it, by deeding away all the property which he had received from Mrs. Hardy on the division of their joint property, for which he received as consideration many thousand dollars. He also built a three-story building upon the property received by him on the division, which building cost $3,000.

These acts constituted a ratification, equivalent to an express agreement; and this, with the consideration received by him and kept, made him a party to the division, and the execution of the notes and mortgages. Hence, whether he knew, at the time of the execution of the conveyance and making of the notes and mortgages, the nature and effect of his acts, if subsequently, while rational, he sanctioned the transaction and enjoyed the benefits thereof, in legal effect it is the same as though he assented at the time, and it is binding upon him.

The court also found as a fact that he never in any manner objected to the division of said property, and that after said division he entered into possession of said lot, and leased the same, collected $120 rent per annum therefor, permitted the taxes to remain unpaid

on said lot, and the premises to be sold to a third person, and the title to mature in the purchaser, and that the unpaid taxes upon Huy's Reserve amount to more than $6,000, and that there are 14 judgments, amounting to more than $6,000, docketed against plaintiff in the district court of Hennepin county, where this real property is situated.

The plaintiff not only seeks to recover damages for the alleged wrongful and fraudulent division of the property, but also seeks to have said notes and mortgages canceled, and, to this end, asks the court to compel Jennie A. W. Hardy to accept a transfer and conveyance from him of the undivided one-half interest mentioned in said mortgage, being the property which was conveyed to him on the division of the property. This is substantially an offer to rescind in part. But the charge of fraud and conspiracy, upon which plaintiff predicates his right to rescind even in part, was found by the court not to be true. Hence the facts do not entitle him to this relief, even if he offered to rescind in whole.

He did not act with reasonable dispatch and promptitude. He rested until the rights of third persons became materially involved, and it is too apparent to need argument that the defendant Jennie A. W. Hardy cannot be put in statu quo. For several years he treated the property as his own, selling many thousand dollars' worth and retaining the proceeds, and was silent as to any fraud or conspiracy; and, upon the whole facts, we think it quite conclusively appears that he is bound by the contract. He not only ratified the transaction, but voluntarily put himself in a position where he could not rescind, and by his conduct estopped himself from the right to maintain this action.

Order affirmed.