SUPERINTENDENTS OF POOR OF KALKASKA CO. *v.* SUPER-
INTENDENTS OF POOR OF GRAND TRAVERSE CO.

INDIGENTS—CHANGE OF SETTLEMENT—LIABILITY OF COUNTIES.

Under the statute providing for the support of the poor by
the public ( 1 How. Stat. § 1755 *et seq.*), where a family
remove from a county in which they have received aid as
indigent persons, and make their home in another county,
the latter, and not the former, county is chargeable with
their subsequent support, unless they were removed or en-
ticed from their former home with a view to casting their
support on another county.

Case made from Grand Traverse; Corbett, J.   Sub-
mitted February 21, 1899.   Decided May 23, 1899.

*Assumpsit* by the superintendents of the poor of Kal-
kaska county against the superintendents of the poor of
Grand Traverse county to recover an amount paid for the
support of an indigent family.   There was a judgment
for defendant and plaintiff assigns error.   Affirmed.

*J. L. Boyd*, Prosecuting Attorney (*W. D. Totten* and
*C. M. Phelps*, of counsel), for appellant.

*John J. Tweddle*, Prosecuting Attorney, for appellee.

MONTGOMERY, J.   The facts of the case agreed upon
in the court below, so far as they are essential to an
understanding of the legal questions involved, are as fol-
lows: The action is brought to recover money claimed to
be due the county of Kalkaska for money paid out by
said county for aid and support of poor persons claimed to
have been residents of the county of Grand Traverse.
One Burt Hurlbert was, with his family, a resident of the
said county of Grand Traverse for some five years up
to about the 21st of September, 1895.   The said Hurlbert

lived upon a small farm of some 10 acres near the village of Williamsburg, in said Grand Traverse county, for about five years, and until the said 21st day of September, 1895. In May of the year 1895 the said Hurlbert made application to the supervisor of the township of Whitewater for aid as a poor and indigent person, and received aid from such township as a poor person or person in indigent circumstances. The said township of Whitewater paid at the rate of $2 per week for the support of said Hurlbert and his family from some time in May, 1895, to about the 17th of July, 1895. ' Said Hurlbert exchanged his little property in the said county of Grand Traverse for a house and lot in the village of Kalkaska, and the said family came to the said village of Kalkaska to reside on the 21st day of September, 1895. They made application to the superintendents of the poor and the supervisor of Kalkaska township for help or aid as poor persons. Such application was made by said Hurlbert about the 20th day of the month of December, 1895, and on the 31st day of December the said supervisor furnished provisions to the said Hurlbert to the extent of $10.40, and continued to furnish provisions and necessaries from that time until about the 4th day of May, 1896, and furnished in all to the extent of $35.88. Soon after the said provisions and goods were furnished by the said county of Kalkaska to the said Hurlbert and family, the superintendents of the poor for said county caused a notice to be served on the said superintendents of the poor of Grand Traverse county, stating the amount so furnished to the said family, and requesting the said superintendents to come and care for the said family, or to remove them to the said county of Grand Traverse, and to repay to the said county of Kalkaska all money paid, laid out, and expended for the said family; and the said superintendents also notified the said superintendents of the poor of Grand Traverse county of the improper removal of the said Hurlbert and family to Kalkaska county. On receipt of such notice by the said superintendents of

the poor of Grand Traverse county, the said superintendents sent to the said superintendents of the poor of the said Kalkaska county a notice denying all liability to the said county for said money so laid out, paid, and expended by said county in the care and support of the said Hurlbert and family, whereupon this suit to recover the amount was commenced against the said Grand Traverse county. The distinction between township and county poor exists in both the said counties of Kalkaska and Grand Traverse. Each township in said counties supports its own poor. The circuit judge held that the plaintiff was not entitled to recover, and from that determination an appeal is taken to this court.

Section 1755, 1 How. Stat., provides that poor persons unable to support themselves shall be maintained by the county in which they may be. Section 1786 provides that, in those counties in which the distinction between township and county poor shall not be abolished by the board of supervisors, the poor having a settlement in any township in such counties shall be supported at the expense of such township, and the poor not having such settlement shall be supported by the county in which *they may be,* as thereinbefore provided. The succeeding section prescribes what shall constitute a settlement. These sections very clearly cast the burden of maintaining paupers upon the county in which they may be, except as to poor having gained a settlement in counties in which the distinction between county and township poor has not been abrogated, in which case the pauper is to be supported at the expense of the township in the county in which he has gained a settlement. Unless, therefore, there is found in some provisions of the statute authority for charging this expense to the county of earlier residence, it is clear that this action cannot be maintained. The only sections having direct bearing on the question are sections 1767, 1768, and 1769. The first of these sections makes it an offense to remove or entice any poor person into another county with the intent to make such county chargeable with his support.

The two succeeding sections provide a remedy by the county which has been compelled to maintain the person so brought, removed, or enticed. Nowhere is there any provision which attempts to prohibit poor people from remaining in any particular county, or to provide for a liability on the part of one county for the support of such poor person who has voluntarily sought another abode. There is such a provision as between different townships of the same county.

The judgment is affirmed.

The other Justices concurred.