*In re* WOODCOCK.

INDIGENT INSANE — SUPPORT BY COUNTY — LEGAL SETTLEMENT — HOW EFFECTED.

Act No. 178, Pub. Acts 1897, § 1 ( 2 Comp. Laws 1897, § 4556 ), which provides that no person who has not maintained himself for one year after his entry into any county shall be admitted to any of the State asylums as a charge upon such county, except for temporary care pending his return to the county where he was last continuously settled for a year, is to be construed as an expression of the legislative intention to fix at one year the time required for an indigent insane person to gain a settlement in any county; and a person, therefore, who, after living in a county for less than a year, became insane and indigent, was properly committed as a charge upon the county from which he had removed, though the proceedings were taken under the general statute ( 1 Comp. Laws 1897, § 1915), which fails to specify the time required to effect a legal settlement.

Error to Kalamazoo; Buck, J. Submitted February 6, 1900. Decided March 13, 1900.

In the matter of Alice Woodcock, an indigent insane person. From a judgment of the Kalamazoo circuit court finding that St. Joseph county was liable for the support of said Alice Woodcock, the superintendents of the poor of St. Joseph county bring error. Affirmed.

*H. P. Stewart,* for appellants.

*Sheridan F. Master,* for appellees.

Long, J.  The superintendents of the poor of Kalamazoo county made application to the probate court of that county to have Alice Woodcock adjudged an indigent insane person, and that she be admitted into the insane asylum at Kalamazoo, and there supported at the expense of St. Joseph county. A hearing was had before that court, and the order made as prayed. The case was removed by the superintendents of the poor of St. Joseph county to the circuit court for Kalamazoo county by writ of *certiorari*, and there affirmed, and now comes into this court by writ of error.

The facts were agreed upon as follows:

"1. That the above-named Alice Woodcock is insane, and has been insane since or about the 1st day of May, 1898.

"2. That the above-named Alice Woodcock is a widow; that she was a resident of Mendon township, St. Joseph county, for several years prior to, and on or about, the 1st day of October, 1897, when she removed from St. Joseph county into Kalamazoo county, and became a resident of Kalamazoo county, and resided there continuously up to the time of filing the petition in this cause in said court. At the time she moved into Kalamazoo county, she intended to make Kalamazoo county her place of residence, and wholly to abandon her residence in St. Joseph county.

"3. That, at the time she moved into Kalamazoo county, she had been a widow about two years; her husband in his lifetime being a farmer, and owning a farm in Mendon township, St. Joseph county. She had then living three children, whose ages are 8, 11, and 15 years, respectively, all of whom are now living. Her husband was in comfortable circumstances at the time of his death, and neither he nor the said Alice Woodcock was in indigent circumstances at the time of his death, nor at any time previous thereto. The estate of her husband was duly administered upon in the probate court of St. Joseph county, and the said Alice Woodcock received her portion of said estate as widow, and at the time she changed her residence from St. Joseph to Kalamazoo county, as above stated, she was not in indigent circumstances, and did not become so until several months after

her residence in Kalamazoo county. The said Alice Woodcock was in indigent circumstances at the time of filing the petition in this cause.

"4. That the application to the probate court of Kalamazoo county to have the said Alice Woodcock adjudged to be an indigent insane person was filed in the probate court of Kalamazoo county the 11th day of June, A. D. 1898."

Three errors are assigned in the affidavit for *certiorari*, and these cover all the claims now made here. They are that the court erred:

"1. In its finding, as a matter of law, that said Alice Woodcock had not acquired a legal settlement in the said county of Kalamazoo.

"2. In its finding, as a matter of law, that said Alice Woodcock was legally settled and a resident of Mendon township, St. Joseph county.

"3. In directing that said Alice Woodcock be supported in the insane asylum at Kalamazoo at the expense of St. Joseph county until restored to soundness of mind, if effected within two years, or until otherwise ordered."

Section 1913, 1 Comp. Laws 1897, provides for proceedings before the probate court on applications to inquire into the insanity of persons so charged. That court has power under the section to determine that question; but before making an order committing such insane person, as a private patient, to any of the public asylums supported by the State, he must require the petitioner or friends of the insane person to enter into bond for the support of such insane person. But, by section 1915, when a person in indigent circumstances, and not a pauper, is found insane by the court, he may make an order admitting such person to the asylum, to be there supported by the county to which he belongs until he be restored to soundness of mind, if effected within two years, or until otherwise ordered, or at the expense of the State, if the judge of probate shall find that such insane person has no legal settlement in any county of this State, or he is unable to find from the evidence where that settlement is, provided the said insane person is a citizen of this State, etc.

The only question, therefore, is whether the court properly found that Alice Woodcock had a legal settlement within the county of St. Joseph. The statute is not very explicit as to how the legal settlement of an indigent insane person may be ascertained. The settlement referred to in section 1918 is the legal settlement which the person has acquired. Just how the question is to be determined is not set out in that section. How long a residence is required, to give a legal settlement within a county by an insane person, is not specified. In a subsequent statute, however, the legislature provides a method of ascertaining the question in certain cases. By section 1, Act No. 178, Pub. Acts 1897 (being section 4556, 2 Comp. Laws 1897), it is provided:

"Any person who is old, sick, infirm, blind, crippled, idiotic, epileptic, insane, or otherwise incompetent to earn a livelihood at the time of such person's entry into any county, city, village, or township in this State, or any person, being otherwise competent, who has not maintained himself or herself for one year after such entry, shall not be entitled to admission into any of the State asylums * * * at the expense of the State or the county, * * * excepting such temporary care or relief as such person may require pending the return of such person back to the county where such person was last continuously settled for one year."

It is evident from this provision of the statute that the legislature regarded it necessary for such person to maintain himself for one year in a county before he could gain a legal settlement therein.

In *Wright* v. *Genesee Circuit Judge*, 117 Mich. 244 (75 N. W. 465), the question was how long a residence by complainant was required, under section 6228, 2 How. Stat., to give the court jurisdiction to entertain a bill for divorce. That section fixes no definite time, and it was held that if the complainant, being a resident of the State, came into the county with intent to make it her *bona fide* residence, the court had jurisdiction under a bill immediately filed by her. It was there said:

"The statute fixes no time that one must occupy a place or home in order to become a resident of a certain locality, when not coming from without the State, except in certain cases, such as acquiring a residence for the purpose of exercising the privileges of an elector, for the purposes of taxation, for gaining a settlement as a pauper," etc.

In cases of indigent insane persons, the legislature has determined that a legal settlement may be had in a county when a person, being otherwise competent, has maintained himself for one year after such entry. While this statute is independent of the statute under which the court acted in the present case, yet we regard it as an expression of the legislative intention to fix the period of time and the circumstances under which a legal settlement may be acquired by an indigent insane person within any county. The facts show that this person had not acquired a legal settlement within Kalamazoo county at the time of the adjudication, but that she had a settlement within the county of St. Joseph. The court very properly so held.

The proceedings are affirmed, with costs of all the courts against St. Joseph county.

The other Justices concurred.