SUPERINTENDENTS OF POOR OF JACKSON COUNTY *v.* SUPERINTENDENTS OF POOR OF HILLSDALE COUNTY.

INDIGENT INSANE—SUPPORT BY COUNTY—LEGAL SETTLEMENT— STATUTES CONSTRUED.

   1 Comp. Laws 1897, §§ 1915-1921, relating to the care of pauper and indigent insane at the State asylums, provide that the expense of their maintenance shall be borne by the county in which they have acquired a "legal settlement," but do not define the term. 2 Comp. Laws 1897, § 4534, makes a year's residence necessary in order that one may gain a settlement in a township under the poor laws. *Held*, that section 4534 may be taken as showing the intent of the legislature, and, therefore, residence of one year is required to constitute the legal settlement of pauper and indigent insane.

*Certiorari* to Jackson; Peck, J.   Submitted April 11, 1900.   Decided May 2, 1900.

Petition by the superintendents of the poor of Jackson county against the superintendents of the poor of Hillsdale county to determine the liability for the support of an indigent insane person.   From an order in favor of petitioner, defendant brings *certiorari*.   Affirmed.

*William H. Frankhauser*, Prosecuting Attorney, for appellant.

*Charles H. Smith*, Prosecuting Attorney, for appellee.

HOOKER, J.    Henry Jeffrey came to this country from England in 1886, and lived in Hillsdale county, where he worked as a farm hand, until November, 1895, when he removed to Jackson county.   He was unmarried, and was never aided as a pauper by either county until he was committed to the insane asylum from Jackson county in September, 1896.   At that time his property consisted of a horse, harness, wagon, and a small sum of money which he had saved from his earnings as a farm laborer.   Jackson county has paid to the asylum for his care $419.03. Upon a proper application, the circuit judge having jurisdiction of Jackson county found Jeffrey's legal settlement to be in Hillsdale county, and ordered that it refund said sum to Jackson county.   The case is here on *certiorari*.

This case would be on all fours with *In re Woodcock*, 123 Mich. 369 (82 N. W. 71), but for the fact that the law upon which that case turned, viz., Act No. 178, Pub. Acts 1897, took effect nearly a year after Jeffrey was committed to the asylum.   In order to sustain the decision of the learned circuit judge, it is therefore necessary to give that law a retroactive effect, or find that he had not gained a legal settlement in Jackson county under pre-existing laws.

The word "settlement," as used in these and similar statutes, has a different meaning from the word "residence" in other statutes.   For voting purposes, it is enough for an elector to have resided in a township 20 days, though, in order to entitle him to support as a pauper, a year has long been necessary, and his residence must have been under conditions which the law recognized as such as constituted his residence a legal settlement. See 18 Am. & Eng. Enc. Law, 778.

The statute (2 Comp. Laws 1897, § 4534) provides that

a person shall gain a settlement under our *poor laws* by "residing and inhabiting" a township for a year. That chapter, which is devoted to the subject of "support of the poor by the public," contains no other provision as to what shall constitute a settlement. Section 4536 provides where a pauper shall be supported—*First*, by the township where he has gained a settlement; *second*, if he has not gained a settlement in any township in the county, then he is to be supported, at the expense of the county, by the superintendents of the poor. This is in accord with section 4533, which declares that the poor shall be supported by the county in which they may *be*, where they have not acquired *legal settlement* in any town. Again, section 4502 provides for the support of poor persons by the county in which they may *be*, according to more specific directions which follow. The act then provides for county superintendents of the poor, and a fund for their use. It then prohibits the bringing of paupers into the county under a penalty, and provides for the return of such, and reimbursement for expenses incurred by the superintendents of the county from which he was brought.

Construing all of these provisions together, there is some plausibility to the claims (1) that a township can never be liable for the support of a pauper, unless he has been "a resident and inhabitant" of such township for a year; (2) when a settlement has not been gained in any township of a county where an indigent person may be the county must support him, temporarily at least, but may require his removal to, and reimbursement from, another county, from which he has been removed after becoming a pauper.

So far the statute has not provided for the raising of the question of settlement between counties, or between townships of different counties, it being apparently the duty of the county where one becomes a pauper to support him. This was held in the case of *Superintendents of Poor of Kalkaska Co.* v. *Superintendents of Poor of Grand Traverse Co.*, 120 Mich. 247 (79 N. W. 196) where the statute was discussed.

This case is complicated by the application of another statute, viz., 1 Comp. Laws 1897, chap. 69, §§ 1915–1921, which provides for the care of the pauper and indigent insane at asylums maintained at public expense. This act provides that the burden shall be borne by the county where the person has acquired a legal settlement, and the probate judge is authorized to determine what county is chargeable. The term "legal settlement" is defined in but one statute, and that has been cited. It is there used in connection with the poor laws. It is plain that the legislature had in mind some period or circumstances which should constitute a legal settlement, as that should be sufficient to impose the burden of public support, and what more natural than that it should be the requirement established by law in ordinary cases? It is urged that the legislature has never made a year's residence the rule as to counties. We reply that the period of a year has been fixed as necessary to gain a settlement as between townships of one county. For reasons satisfactory to the legislature, the question of legal settlement has not been permitted to be raised between counties, or townships of different counties, in ordinary cases. But it *is* provided for in cases of the indigent insane, and we have not the slightest doubt that the statutory period was intended to constitute a settlement in these cases. Since this case arose, the legislature has indicated a similar understanding by passing the act referred to in *Re Woodcock*, 123 Mich. 369 (82 N. W. 71). See 2 Comp. Laws 1897, § 4556.

Order affirmed.

The other Justices concurred.