*In re* BIGELOW.    MOODY COUNTY v. MINNEHAHA COUNTY.

Rev. Pol. Code 1903, §§ 2810, 2812, charge the care of an insane person to a county where he has acquired a "legal settlement," without defin-

ing what shall constitute such settlement. Held, that it must be deemed to have been used with the same meaning as in section 2764, relating to "poor and indigent persons," and providing that they acquire a "legal settlement" charging a county with their support by a residence therein for 90 days, which they lose by acquiring a new one, or by wilful absence from the county for 90 days; it not appearing that a "legal settlement was otherwise defined by any statute.

(Opinion filed Oct. 7, 1903.)

Appeal from circuit court, Moody county. Hon. JOSEPH W. JONES, Judge.

Proceedings between Moody county and Minnehaha county to determine the legal settlement of Cornelius W. Bigelow, an insane person. From an order in favor of Moody county, Minnehaha county appeals. Affirmed,

*W. D. Scott*, State's Atty., and *A. B. Kittredge*, for appellant.

*J. Q. Adams*, State's Atty., for respondent.

FULLER, J. By this appeal we are called upon to determine whether it is Moody county or Minnehaha county that is legally chargeable with the expense of providing Cornelius Bigelow with care, subsistence, and medical treatment at the Yankton Hospital for the Insane, and the undisputed facts upon which the trial court found in favor of respondent may be stated as follows: About September 1, 1901, Mr. Bigelow, having no other place of abode, was induced to become a member of the household of his daughter and her husband, who were at that time actual residents of the city of Sioux Falls, in Minnehaha county. Thus making their home his home, he remained in Sioux Falls until the last of the year, when the family, including himself, removed to Moody county, where the son-in-law engaged in the banking business. On the 10th

day of February following he became very ill, and for the sole purpose of securing better care and medical treatment was taken from the Moody county home to a hospital in Sioux Falls, where he remained one week before becoming insane. On or about the 8th day of March it was decided by the Minnehaha county board of insanity that Bigelow was not a resident of that county, and pursuant to the direction of such board he was returned to Moody county, where his insanity was officially determined, and his legal settlement charged to Minnehaha county. At the time the family left Sioux Falls for Moody county, Bigelow had been a resident of Minnehaha county continuously for about 4 months, while but 74 days intervened between the date of his arrival in Moody county, and the action of its board of insanity adjudging him to be of unsound mind and a fit subject for custody and treatment in the hospital for the insane. In determining which county is chargeable for the expense of his maintenance at the hospital it becomes necessary to decide what the Legislature intended by the use of of the term "legal settlement," as employed in the statute providing for the application for admission to the hospital, and also in the warrant of the commissioners of insanity authorizing the superintendent of such institution to receive a patient adjudged insane. In the Revised Political Code of 1903 the expression "legal settlement" is found in sections 2810 and 2812 of the act relating to the care of the insane, but the time necessary to constitute such settlement is not therein specified. It is provided, however, in section 2764 of the same Code that poor and indigent persons acquire a "legal settlement" that charges the county with their support by a residence therein for the period of 90 days, and "every set-

tlement when once legally acquired, shall continue until it shall be lost or defeated by acquiring a new one in this state or by the wilful absence from the county in which such legal settlement had been obtained for ninety days or more; and upon acquiring a new settlement or upon the happening of such wilful absence, all former settlement shall be defeated and lost." While no rule of construction goes to the extent of re quiring the same meaning to be invariably given to the same word used in an another and entirely different enactment, there is seemingly something of a kindred nature in statutes providing for the protection and maintenance of persons destitute and rendered helpless either by indigency or insanity. So, where a statute pertaining to the care of the poor has plainly designated the period of actual residence necessary to constitute "legal settlement," and the undefined expression is employed in a subsequent enactment which relates exclusively to the care of the insane, there appears to be ample justification for the presumption that the Legislature intended to use the term in its previously accepted sense, and not to signify "a place of residence" which is clearly distinguishable, even in the absence of a statutory definition. 22 Am. & Eng. Encyc. of Law, 949, and cases cited in the notes. In construing a similar statute for the purpose of fixing the liability of a county for the support of an insane person, the Michigan court says: "The term 'legal settlement' is defined in but one statute, and that has been cited. It is there used in connection with the poor laws. It is plain that the Legislature had in mind some period of circumstances which should constitute a legal settlement, as that should be sufficient to impose the burden of public support, and what more natural than that it

should be the requirement established by law in ordinary cases?" Superintendents of Poor v. Superintendents of Poor, 124 Mich 17, 83 N. W. 408. Our attention has been directed to no statutory provision where the term "legal settlement" is used other than in connection with the poor and the insane, and a residence of 90 days in the county seems essential to its creation. By 4 months of continuous residence, Cornelius Bigelow obtained a legal settlement in Minnehaha county, which continued good for 90 days after his removal to Moody county, and his commitment to the hospital for the insane within that period and before another legal settlement had been acquired, renders Minnehaha county liable for his maintenance, as found by the trial court. While none but the essential facts in regard to the residence of Bigelow have been given here, the proof was entirely clear, conclusive, and uncontradicted that, in contemplation of the statute, his legal settlement in Minnehaha county continues, and could be defeated only by showing an actual residence of 90 days in another county.

The order appealed from is affirmed.