JOHN LEININGER v. CLARKE NATIONAL BANK and Others.[1]

February 23, 1906.

Nos. 14,662—(227).

**Landlord and Tenant.**

 L. and C. entered into a contract by which C. agreed to give L. a lease of certain premises and put him in possession "within thirty days from date, or as soon thereafter or before as he can get the present tenant out." L. deposited the money to pay the first month's rent with a bank, to be turned over to C. when possession of the premises was given. After waiting about nine months, L. brought an action to recover the money he had deposited with the bank.

 *Held*, that it was for the jury to determine from the evidence whether

[1] Reported in 107 N. W. 396.

C. had done all that he was required to do under the lease to put L. in possession of the premises, and that it was error for the court to order judgment for C. notwithstanding a verdict in favor of L.

Action in the municipal court of Minneapolis by plaintiff John Leininger, to recover from defendants Clarke National Bank, Francis H. Cobb, A. McDermid and A. D. Ellis $455 as for money had and received under an executory contract, the consideration for which had failed. The action was dismissed as to the bank under a stipulation providing that the money, which had been deposited with it, should be paid to whichever of the remaining parties might be adjudged entitled thereto. The case was tried before Waite, J., and a jury, which rendered a verdict in favor of plaintiff and against defendants Cobb, McDermid and Ellis. From an order granting a motion for judgment in favor of defendant Cobb, notwithstanding the verdict, plaintiff appealed. Reversed and new trial granted.

*John H. Steele,* for appellant.

*Parsons & Bowler,* for respondent.

ELLIOTT, J.

On September 15, 1904, the appellant and respondent entered into a written contract by which the respondent agreed to lease to the appellant certain hotel premises in the city of Minneapolis for a term of ten years. The appellant agreed to pay as rent therefor the sum of $155 a month, and to pay the further sum of $300 to McDermid and Ellis for their services as agents. The instrument contained the following provision:

> F. H. Cobb agrees to give possession of above building to John Leininger in thirty days from date, or as soon thereafter or before as he can get the present tenant out, and in consideration for same John Leininger agrees to deposit in Clarke National Bank $455, which is to be divided as follows: $155 to F. H. Cobb, when possession of above building is given, and $300 to A. McDermid and A. D. Ellis as a commission for securing above lease.

At the time when this contract was executed the premises were in the possession of one Stern, or his representative, Barr, as a tenant of

Cobb, under a lease which had several years yet to run; but it was assumed by the parties that Cobb could obtain possession in a short time by reason of the fact that there had been a breach of some of the conditions of the lease. It appears that the party in possession had been convicted of running a house of ill fame on the premises contrary to the terms of the lease. Soon after the contract with Leininger was signed, Cobb made an effort to get possession of the premises, but failed, because his agent had, with full knowledge of the facts, accepted rent under the lease. On January 17, 1905, Leininger commenced an action in the district court in which he sought to obtain a judgment requiring Cobb to execute and deliver a lease and put him in possession of the premises. The issues were made up early in March, and the case was tried May 16, 1905. On the following day the court made and filed its findings and order to the effect that at all times Cobb had done all in his power to get the person mentioned as "the present tenant" out of the premises, so that he could deliver possession thereof to the plaintiff, and that the defendant had used all reasonable diligence and efforts to get possession of the premises and to deliver them to the plaintiff, but had been unable to do so. A motion for a new trial was denied, and judgment was entered June 22, 1905.

Between the time of the filing of the order and the entry of judgment Cobb abandoned the attempt to get possession of the premises, and on June 5 this action was brought in the municipal court of the city of Minneapolis against the Clarke National Bank, Cobb, McDermid, and Ellis to recover the money which had been deposited in the bank under the contract. By a stipulation the action was subsequently dismissed as to the bank. The trial of the action resulted in a verdict in favor of the plaintiff, and on a motion for judgment notwithstanding the verdict or for a new trial the court ordered judgment in favor of the defendant Cobb, and granted a new trial as to McDermid and Ellis. Leininger appealed from that part of the order which directed that judgment be entered against him notwithstanding the verdict in his favor.

Upon these facts the only question proper for submission to the jury was whether Cobb had used due diligence to get the tenant who was in possession of the premises out of possession, and deliver possession to Leininger. The trial court so instructed the jury, and we

are not advised as to the theory upon which the judge subsequently entered the order from which the appeal is taken. The answer in the district court case was served February 20, 1905, and in the case in the municipal court the trial court properly instructed the jury

> That as to Cobb the question presented to you is whether, since February 20, with such knowledge of the facts as he had before and after according to the testimony, he has done what he ought to have done to get the tenant Barr out of possession and put the plaintiff in possession.

It is very doubtful whether the judgment in the district court action could properly be pleaded as an adjudication upon the facts involved in the present action. The causes of action were not the same and the issue of diligence on the part of Cobb related to a different period of time. It is true that the period involved in this action was included in the time covered in the action in the district court, but the district court never determined that Cobb had used due diligence during the entire period now involved. Even if we should accept the theory of the respondent that the district court determined the question of diligence down to the date of the trial, there was still a subsequent period when Cobb might possibly have delivered possession to Leininger, and during that time his conduct should be weighed in the light of the fact that about nine months had elapsed since the signing of the contract. The charge was sufficiently favorable to the defendant. Leininger never affirmed the contract after he had knowledge of his right to disaffirm it. Until the time when he commenced the action in the municipal court he was trying to enforce his rights under the contract as he understood its terms, and the facts are not such as to justify the application of the rule that one who has affirmed a contract with full knowledge of facts which will justify him in rescinding is thereafter estopped to assert a right to rescind. The rule announced in Whitcomb v. Hardy, 73 Minn. 285, 76 N. W. 29, has no application upon the facts of this case.

There was evidence tending to sustain the plaintiff's contention that Cobb had not done all he might and should have done to put Leininger in possession of the premises. Cobb was entitled, under the liberal language of the contract, to a reasonable time within which,

by the exercise of good faith and active diligence, to get the old tenant out and deliver possession to Leininger. But it would be unreasonable to give the language a literal construction, and hold that Leininger should wait, possibly until the expiration of the old lease, and then accept possession of the premises. Construed in the light of what occurred when the contract was signed, it is evident that the parties were thinking in terms of months and days, instead of years. Under all the circumstances as disclosed by the evidence a jury might very well arrive at the conclusion that Cobb had not acted in entire good faith in the matter and had not used due diligence to get the undesirable tenant out of the premises; that he did not become very active in the matter until he was informed that Leininger had rented another place and no longer desired the lease. It was properly a question for the jury, and, after having submitted the issue under proper instructions, it was error for the court to direct judgment in favor of Cobb notwithstanding the verdict which the jury returned against him.

The claim that a money judgment cannot be entered against Cobb is effectually disposed of by the stipulation under which the action was dismissed as to the bank.

The order appealed from is reversed, and the cause is remanded, with directions to enter judgment in favor of the plaintiff upon the verdict.

On March 6, 1906, the following order was filed:

PER CURIAM.

Ordered, that the application for reargument herein be, and it is hereby, denied. Ordered, further, that the order remanding the cause to the trial court be, and it is hereby, amended so as to read as follows:

"Ordered, that the order appealed from be, and is, reversed, and a new trial granted."