### SARA H. HAM v. GEORGE A. POTTER.[1]

July 5, 1907.

Nos. 15,070—(176).

**Compromise and Settlement—Ratification.**

> The issues being whether respondent was bound by a contract of settlement of the cause of action pleaded, *held* error to refuse to instruct the jury that she ratified the contract, if she accepted the benefits of its terms after becoming informed of its contents, although she may have executed the same when mentally incapacitated, or upon false representations.

Action in the district court for St. Louis county for $100,000. The case was tried before Ensign, J., and a jury, which returned a verdict in favor of plaintiff. From the judgment entered upon the verdict, defendant appealed. Reversed.

*Porter J. Neff,* for appellant.

*Davis & Hollister,* for respondent.

1 Reported in 112 N. W. 1015.

LEWIS, J.

Action for breach of promise to marry. The complaint charged that July 23, 1900, at St. Paul, Minn., and March 27, 1901, at Chicago, Illinois, appellant promised to marry respondent. The answer consists of a general denial, and alleges as defense that in 1902 responde... brought an action against appellant in the district court of Dubuque county, Iowa, to recover damages for the alleged breach of promise predicated upon the same alleged promises set forth in the present complaint; that appellant, although denying any such promise had ever been made, yet for the purpose of avoiding litigation and publicity, settled the action with her, and in consideration thereof the same was dismissed, and that he performed his part of the contract of settlement. The reply admits that settlement in writing had been made, and alleges that respondent conveyed to appellant certain real estate in the city of Dubuque, Iowa, in consideration of which he agreed to pay her $420 annually during her life, payable quarterly in advance, and to pay a mortgage of $1,500 against the premises; that respondent executed the documents constituting such settlement by reason of misrepresentations and fraud practiced upon her by appellant; that she was not in her right mind, and did not realize what she was doing when signing the same; that the alleged settlement was only a pretended and colorable settlement on the part of appellant, entered into by him with no intention of performing it, and that he wholly failed to do so; that the pretended settlement was for the further purpose of depriving respondent of her property by securing a conveyance of the same to him in the manner stated. The cause went to trial, and resulted in a verdict for respondent.

The issues made by the pleadings are as follows: (1) A promise of marriage, alleged to have been made by appellant, which he denied. (2) Conceding that respondent had commenced an action against appellant in the courts of Iowa to recover damages based upon the same agreement of marriage set out in this complaint, was such cause of action settled by the parties, and, if so, was it a bar to the prosecution of the present suit? (3) If settlement was made of the action pending in the Iowa court, did respondent, at the time of executing the documents of settlement, realize their import and know what she was doing? (4) Did appellant fraudulently induce respondent to convey real

estate to him for the purpose of defrauding her out of the same? (5) Did appellant enter into the settlement without any intention of performance on his part? (6) Conceding the contract to have been fraudulently entered into by appellant, did respondent ratify it?

According to respondent's testimony, she was, at the time the agreement of settlement was entered into, and had been, taking certain medicines for her illness which rendered her incompetent to understand or realize what was being done by her attorney and appellant, and that she signed any document presented to her without knowing anything about the contents. But respondent also testified that at the time of the settlement, February, 1902, she received from appellant $76 in cash, and the following June $105, the next quarterly payment, according to the terms of the settlement; that in October, 1902, appellant sent her his check for $101, which she returned to him with the information that the payment was not right, and that she had made up her mind not to stand by the settlement; that in December, 1902, appellant sent her a check for $210, which she also returned. The court instructed the jury that the burden of proof was upon respondent to show that the promise of marriage was entered into as alleged, that the burden was upon appellant to establish the fact that the cause of action pending in Iowa was settled, and that the burden rested upon respondent to establish the fact that settlement was fraudulently obtained from her while mentally incapacitated, and fraudulently entered into by appellant as above stated.

Before discussing the errors assigned, it should be observed that the agreement of settlement entered into between the parties at Dubuque, Iowa, unless impeached upon the grounds stated, constituted a final determination and settlement of their differences, and is a bar to the present cause of action. We are not called upon to determine what the rights of the parties would be if the settlement was entered into in good faith by both, and, through no fault of respondent, appellant afterwards failed or refused to carry out the same. No such question is presented. That such settlement was entered into was conceded by respondent at the trial, but she attacked it upon two grounds: That she was not of sufficiently sound mental capacity at the time to comprehend its terms, and was therefore not bound by it; and that, in any event, appellant entered into the agreement without intending to live up to its

terms, and for the fraudulent purpose of securing her property. Those questions were submitted to the jury.

But there was another issue in the case which appellant was entitled to have submitted to the jury, viz.: Conceding respondent may have been mentally incapacitated at the time she signed the papers and did not realize their import, yet she was bound thereby if she accepted the benefits thereof after being informed of the nature of the documents. This was a question of fact, and for the purpose of having that issue submitted to the jury appellant made the following requests for instructions:

> (4) That even if the plaintiff did not understand ·at said time the terms and conditions of said contract, if she afterwards, after discovering what the terms of said contract were, accepted any benefits of said contract, she thereby adopted the same, and you will find a verdict in favor of the defendant. Refused.
>
> (5) That if the plaintiff did not know or understand the terms of said agreement, and knew that an agreement had been entered into, it was her duty to make reasonable efforts to discover what its terms were before accepting any benefits thereunder, and if she failed to make such reasonable efforts, and afterwards accepted benefits thereunder you will find a verdict for the defendant. Refused.

The subject covered by these requests was not given in the general charge. They fairly called the court's attention to the subject, and should have been submitted to the jury or otherwise covered in the charge. Although each request contains the statement that, if the jury found those facts to be true, they must find a verdict for appellant, the court did not reject them upon that ground. There were other issues in the case to be determined by the jury, even though they should find with appellant upon those propositions; but the court was not misled, and the result was error. Since there must be a new trial, we will not consider the other questions discussed.

Judgment reversed.