# HILMA MAKI v. ST. LUKE'S HOSPITAL ASSOCIATION.[1]

July 18, 1913.

Nos. 18,081—(173).

**Ratification of release.**

1. Plaintiff sustained a personal injury while in the employ of defendant. Later, in consideration of $1,000, she released her claim. The money was left with defendant's superintendent. Plaintiff claims the release was ob-

[1] Reported in 142 N. W. 705.

tained by fraud. It appears that, after she fully realized what she had done, and after talking to friends on the subject, she consulted an attorney. He advised her to go and take the money. She did so. *Held*, she thereby ratified the settlement and release.

**Motion for new trial — defense.**

2. Defendant may resist a motion for a new trial on the motion of plaintiff, based on insufficient damages, on the ground that defendant was in fact entitled to prevail on the merits.

Action in the district court for St. Louis county to recover $12,000 for personal injury received while in the employ of defendant. Among other allegations, the answer alleged that plaintiff agreed to receive from defendant, in full settlement and satisfaction of any claim which she had by reason of the accident and injury, the sum of $1,000, which amount defendant paid to plaintiff in settlement of such claim, and plaintiff executed and delivered a written release of all claims and causes of action which she had by reason of such accident. The reply alleged that the release and settlement were procured by fraud and duress. The case was tried before Dancer, J., and a jury which rendered a verdict of $750 in favor of plaintiff. Defendant's motion for judgment notwithstanding the verdict was denied. From an order granting plaintiff's motion for a new trial, defendant appealed. Reversed with directions to enter judgment upon the verdict.

*Baldwin & Baldwin,* for appellant.

*O. J. Larson* and *M. E. Louisell,* for respondent.

HALLAM, J.

This is an action against a hospital corporation brought by an employee for personal injury received in the course of her employment.

The evidence was sufficient to sustain a finding of negligence on the part of defendant's employees, and the rule of respondeat superior applies. McInerny v. St. Luke's Hospital, supra, page 10, 141 N. W. 837.

The plaintiff had a verdict. On her motion, the court granted a new trial on the ground that the damages were insufficient. Defendant urges several objections to the granting of this motion. One

is, that defendant was not liable in this action at all, and accordingly should not be subjected to a second trial, because plaintiff compromised and settled and released her claim in full. We sustain this contention.

1. The evidence shows that, after the injury, plaintiff made a release of all claims resulting from said injury, and in consideration thereof was paid $1,000. It is contended that this settlement and release were procured in the first instance by fraud. The evidence on that point was sufficient to make a question for the jury. But we consider that the evidence conclusively shows that this settlement was subsequently ratified by plaintiff. The evidence upon this subject is in substance as follows:

.The release was signed on October 19, 1911.· One thousand dollars was paid to her later on that day. The attending nurse took charge of the money. Whether she did so at the direction of plaintiff is not clear and is not material. The money was in fact placed in the hospital safe in charge of Miss Smith, the superintendent of the hospital. Plaintiff said she was later informed by another employee of the hospital that she had made a settlement in full for her claim on account of the injury she had received; that her friends then told her to go and see a lawyer; that Dr. Eklund, the attending physician, gave her the name and address of Mr. Larson, and she went to see him; that Mr. Larson told her to go and take the money; that she then went to Miss Smith and demanded the whole amount, and it was paid over to her. An attempt was made, on the trial, to show that plaintiff must have been mistaken as to having consulted Mr. Larson before she demanded the money. But she herself stated, so many times, and so unequivocally, that her attorney told her to take the money and that she took it after she consulted him, that we feel obliged to take her statement as true.

This conduct clearly amounts to a ratification of the settlement. It is well recognized that a party to a contract which he may avoid ratifies the same by acceptance of the benefits thereof. Whitcomb v. Hardy, 73 Minn. 285, 76 N. W. 29; 24 Am. & Eng. Enc. (2d ed.) 625. This rule has frequently been applied to releases of this sort. In Peterson v. Chicago, M. & St. P. Ry. Co. 38 Minn. 511, 39 N. W.

485, it was held that, where the party making the release received part of the money after hearing of the falsity of a representation made to induce the same, that misrepresentation could not be relied upon as a ground of avoidance of the release. Ham v. Potter, 101 Minn. 439, 112 N. W. 1015, was a breach of promise case. A release was alleged, by the terms of which defendant agreed to make instalment payments to plaintiff. Plaintiff claimed that she was incapacitated at the time the release was executed. There was evidence that she later received some of the payments provided by the settlement. It was held error to refuse to instruct the jury that she ratified the contract, if she accepted the benefits of said contract after being advised of its contents.

When plaintiff received and accepted this money, she was fully advised as to the nature of the contract she had made. She was told by her friends to consult a lawyer to ascertain her rights. She did so. She was advised by him to take from defendant the fruits of the settlement, and she did that. She cannot now claim that she acted inadvisedly, for she armed herself with the best protection possible in such a case, the advice of an attorney. She could not play fast and loose. She could not, after full knowledge of all the facts, take and appropriate to herself the money paid upon this contract and then repudiate it.

It is claimed that Miss Smith was merely custodian of the money in her private capacity during this interval. There is no evidence to sustain this contention. We cannot regard her as acting otherwise than as superintendent of the hospital throughout this transaction.

2. Defendant may resist the granting of a new trial on this ground. It is a well recognized principle that where a new trial would be ineffectual to obtain substantial relief, it may be denied, although technical grounds for granting it may exist. 29 Cyc. 1013. This is such a case. There can be no useful purpose subserved by granting a new trial to plaintiff, if the result of it must be a judgment for defendant.

The order granting a new trial is reversed with direction to enter judgment upon the verdict.