# COUNTY OF REDWOOD v. CITY OF MINNEAPOLIS.[1]

July 24, 1914.

Nos. 18,695—(220).

**Settlement — cost of relief furnished a poor person.**

1. The place of a person's settlement, as that term is used in the poor laws of this state, is the place where he has a legal right to support if he becomes a public charge. It is not necessary that a person be poor or dependent in order to have a settlement. Every person, with certain defined exceptions, has a settlement upon residence for a given length of time. In this case plaintiff county furnished support and relief to a person who all his life, and up to a little more than two months before an injury, had been a legal resident of the city of Minneapolis. *Held*, under G. S. 1913, § 3071, she had a settlement in Minneapolis, and under G. S. 1913, § 3083, plaintiff has a claim against said city for all proper expenses in furnishing support and relief.

**Judgment — statutory relief — county physician.**

2. Defendant was not, under the evidence in the case, entitled to judgment because of irregularities of procedure. All obligatory requirements of the statute appear to have been complied with. The statute does not require that the medical relief given in a case of this kind must be furnished by a county physician.

Action in the district court for Hennepin county to recover $741.-80 for medical, surgical and burial expenses incurred in behalf of Nellie L. Risch. The case was tried before Waite, J., who denied defendant's motion for a directed verdict in its favor, and a jury

[1] Reported in 148 N. W. 469.

which returned a verdict in favor of defendant.   From an order granting plaintiff's motion for a new trial, defendant appealed. Affirmed.

*Daniel Fish,* City Attorney, and *W. G. Compton,* Assistant City Attorney, for appellant.

*Albert H. Enersen,* County Attorney, and *John F. Bernhagen,* for respondent.

HALLAM, J.

Nellie Risch was born in Minneapolis in 1886.   She continued to reside there with her mother until 1903, when she was committed to the Minnesota school for feeble-minded at Faribault by order of the probate court of Hennepin county.   There is evidence that her mother, with whom she lived, was in indigent circumstances, and that Hennepin county paid a statutory amount during all the time Nellie Risch was an inmate of said school, which was until August 10, 1911.   On that day she went to live with a sister who was married and living at Redwood Falls.   She remained with her sister until September 23, when employment was obtained for her as a domestic in a household at Redwood Falls at $3 a week with room and board.   She was not then dependent nor a public charge. While so employed, and on October 21, 1911, she was seriously burned, so seriously that it was necessary that she have immediate care and medical attention, and she was then entirely without means of procuring relief or support.   She could not have been moved to Minneapolis.   Redwood county had a poor farm, but had no facilities for caring for her there.   It had no county physician, but had followed the practice of calling a physician specially when need required.   She was cared for by parties employed by a member of the board of county commissioners, and the action of this member was later approved and ratified by the board.   Up to the time of her injury the family home continued to be in Minneapolis.

On December 7, 1911, the county attorney of Redwood county notified the city attorney of Minneapolis by letter of the facts of the case, and the city attorney referred the matter to the board of charities and corrections, under whose jurisdiction such matters

126 M.—33.

come, but this body declined to act and Redwood county continued to care for her. She died April 25, 1912, as a result of her injuries. Redwood county paid the bills for her care and attention and presented a claim therefor to the city of Minneapolis. Hennepin county has the township system of caring for the poor, and the city, and not the county, is liable, if there is any liability at all. The city rejected the claim and this suit was brought.

The court instructed the jury in substance that defendant city was not liable unless deceased was a poor person, within the meaning of the poor laws of the state, before the accident which disabled her. Under this instruction the jury found for defendant. On motion for a new trial the court was of the opinion that this charge was erroneous, and granted a new trial on this ground. Defendant appeals.

We think the later conclusion of the court was right.

G. S. 1913, § 3071, provides that:

"Every person, except those hereinafter mentioned, who has resided one year continuously in any county, shall be deemed to have a settlement therein, if it has the county system; if it has the town system, he shall have a settlement in the town, city, or village therein in which he has longest resided within such year. * * * The time during which a person has been an inmate of a hospital * * * or other public institution * * * shall be excluded."

G. S. 1913, § 3083, provides that: When application for support or relief is made by a person whose settlement is in another county, or in a town, city, or village of another county, the board applied to, or its chairman, shall warn him to depart from its county; or cause him to be removed to his place of settlement, but "if he be so sick, infirm, or otherwise disabled as to render it unsafe or inhuman to remove him, and is in immediate need of support or relief, provision therefor shall be made * * * . All proper expenses incurred by such county in making such removal, or in furnishing such support or relief, shall be paid by it, and shall be a legal claim in its favor against the county, town, city or village in which such person has a settlement."

There is no claim that Nellie Risch ever had a settlement in

Redwood county. Clearly there was no statute making Redwood county liable for her support. If the statutes above cited apply to her case, then, clearly, she had a settlement in the city of Minneapolis, and that city was liable for her support. The contention of defendant is that, neither the above statutes, nor any statute of the state pertaining to the poor, applies to her case, because she was not a poor person before she received the injury which made her a public charge. There is no language in any statute calculated to support a contention that would bring about such a strange result. It is the manifest policy of this state, as evinced by its statutes, that every poor person unable to earn a livelihood and without near of kin upon whom to depend, shall be cared for at public expense. The purpose of the sections quoted is to require each poor person to be supported or relieved by the town or county in which he has a settlement.

It is not necessary that a person be a poor or dependent person in order to have a settlement. The statute does not so provide. It, says that "every person, except those hereinafter mentioned, * * * shall be deemed to have a settlement * * * ," upon residence for a given length of time. This word "settlement," as used in poor laws, has a meaning well understood. The place of a person's settlement is the place where he has a legal right to support if he becomes a public charge. Inhabitants of Warren v. Inhabitants of Thomaston, 43 Me. 406, 418, 69 Am. Dec. 69. When it is said that a person has his settlement in a particular municipality the meaning is, not that he is now a dependent there, but that he has, in case of need, a right to support from the inhabitants of that municipality. Inhabitants of Jefferson v. Inhabitants of Washington, 19 Me. 293, 300. This is the rule recognized by the better authorities. Peterson v. Town of Emardsville, 101 Minn. 24, 111 N. W. 652; Town of Westfield v. Town of Coventry, 71 Vt. 175, 44 Atl. 66; Superintendents of Poor of Jackson County v. Superintendents of Poor, 124 Mich. 17, 83 N. W. 408. This rule is recognized impliedly at least. in the case of Town of Cordova v. Village of Le Sueur Center, 78 Minn. 36, 80 N. W. 836. Town of Louriston v. Board of Co. Commrs. of Swift County, 89 Minn. 91, 93 N. W. 1052, is not.

out of harmony with this view. On the contrary, it sustains this view. The court in that case construed a statute providing for the care of persons attacked with a contagious disease, and distinguishes this statute from the poor statutes which are here under consideration.

We accordingly hold that at the time plaintiff county furnished support and relief to Nellie Risch she had a settlement in the city of Minneapolis, and that plaintiff has a claim against said city for all proper expenses in furnishing such support and relief. It follows that the court's instruction to the jury was erroneous, and on account of this error a new trial was properly granted.

2. Defendant, however, claims that, under the evidence, it was entitled to judgment. If this be so, a new trial should not have been granted. Maki v. St. Luke's Hospital Assn. 122 Minn. 444, 142 N. W. 705.

This contention of defendant is based on alleged irregularities of procedure by the officials of plaintiff Redwood county. The procedure required to be followed before payment by plaintiff county seems to have been complied with. No particular form of procedure was required in presenting this claim to defendant city. If plaintiff establishes the substantial justice of its claim, it will be entitled to recover of defendant.

It is contended plaintiff cannot recover for the amount paid the physician, for the reason that Redwood county had no county physician as required by law. We find no provision of law that temporary relief given in a case of this kind must be furnished by a county physician.

Order affirmed.