[1] Reported in 11 N.W.2d 145.
This is an action by Marshall county against Redwood county to recover $526.15 paid by the former for surgical, hospital, and nursing services rendered to Hjalmer Larson, an indigent person with legal settlement for poor relief purposes in Redwood county. The trial court made findings and ordered judgment for plaintiff in the sum of $348.40 with interest and costs. From an order denying plaintiff's motion for a new trial this appeal is taken.
The facts which are not in dispute are as follows:
On July 1, 1940, at 5:30 p. m., Hjalmer Larson, 72 years of age, was taken to the Warren Hospital in Marshall county by his son, Birger. His condition was serious, and an emergency operation was performed upon him the next morning. Thereafter he remained in the hospital, and on August 3, 1940, a second serious operation was performed upon him. He was subsequently discharged from the hospital on November 14, 1940. The reasonable value of the services and supplies furnished him for the foregoing amounted to $526.15.
At the time he was admitted to the hospital, the latter apparently deemed his son financially able to pay the regular charges, and he was registered as a private patient. On August 3, 1940, his son notified the Marshall County Welfare Board, which in turn notified the hospital, that the patient was a county patient and that the *Page 601 
hospital would have to look to public funds for payment. During all this time the patient had a legal settlement in Redwood county for poor relief purposes.
On August 7, 1940, the welfare board of Marshall county wrote the welfare board of Lyon county advising it of the case, in the belief that the patient had a legal settlement in Lyon county, where he once resided. Lyon county rejected the claim and denied that the patient had a settlement there. Subsequently the Marshall county board notified the Redwood county board relative to the case, and on August 30 the latter admitted by letter that the patient had a settlement there and authorized such hospital expenses and supervision of the patient as was deemed necessary.
Subsequently the Marshall county board paid the hospital $526.15 for the aforesaid services and in turn demanded reimbursement from the county of Redwood. The latter rejected the claim, and thereafter Marshall county brought this action in district court to enforce its claim for reimbursement.
The trial court refused to allow plaintiff the full amount of its claim, holding that the portion of the bill incurred between July 1, 1940, and August 3, 1940, the period during which the hospital handled the case as of a private rather than a public obligation, was not properly chargeable against Redwood county, and that said county was responsible only for the expenses incurred between August 3, 1940, and the date of the patient's discharge from the hospital. Both Marshall and Redwood counties operate under the county system of poor relief.
It is defendant's contention that under Minn. St. 1941, §§ 262.12 and 263.03 (Mason St. 1927, §§ 3174 and 3186), no recovery may be had against it for services furnished prior to August 3, 1940, the date relief was first applied for. Section 262.12 (§ 3174) relates to the appointment by county boards of physicians for the poor and governs the procedure in connection with emergency cases. Under that section any licensed physician, in the absence of the county physician and where immediate treatment is required, may treat indigent persons and subsequently recover for his services by *Page 602 
filing a verified report thereof with the auditor within 30 days thereafter. Section 263.03 (§ 3186), which relates to the town system, governs procedure in connection with the care of sick or infirm persons in need of immediate medical assistance. It specifically provides:
"* * * The expense so incurred shall be paid by the town, city, or village, and shall thereupon become a charge against the county. Upon payment thereof, the county may recover the same from the county, town, city, or village of such person's settlement, if he have any within this state. Within five days after such person becomes a public charge, the board or council shall notify the county auditor, and thereupon the county board may take him in charge, or relieve him in such manner as it may seem fit."
It is difficult to construe said sections in a manner so as to bar plaintiff from the recovery of its claim or so as to set up requisites of notice before defendant shall become liable for the care of its sick or poor. See County of Redwood v. City of Minneapolis, 126 Minn. 512, 516, 148 N.W. 469, 470. It is undisputed that Hjalmer Largon was an indigent person with settlement in the county of Redwood, and it follows that that county was responsible for his care and for the medical and hospital services furnished him. The fact that the Warren Hospital may originally have regarded this case as a private one did not change its nature or serve to release the legal obligations of Redwood county in connection therewith. Assuming for the moment that said statutes could be construed as making notice or formal application for relief prerequisites to liability, it cannot be seriously disputed that such a rule must be relaxed in emergency cases. Had the hospital refused the patient admittance until it had determined his status and legal settlement, the patient might have died before such information was available. It is doubted that the legislature intended any such harsh rule of construction. As stated in Robbins v. Town of Homer, 100 Minn. 547, 110 N.W. 1134:
"* * * It did appear * * * that he was a pauper on the date *Page 603 
of the injury and then in actual need of immediate assistance and relief from the town. The right to assistance upon such an emergency does not depend upon the previous recognition by the authorities of the fact that he was a pauper. It is determined by the facts themselves."
Defendant relies upon Hendrickson v. Town of Queen, 149 Minn. 79,182 N.W. 952, as holding in effect that no recovery can be had for services rendered prior to notice to the proper county officials. In that case the district court disallowed the claim of plaintiff for services rendered prior to the date of notice, but allowed recovery for services furnished subsequent thereto. The defendant, Town of Queen, appealed. It does not appear that this court passed upon the trial court's refusal to allow reimbursement for the services rendered prior to the date of notice. Such issue was not presented for determination or referred to in the decision of this court.
Under the circumstances outlined and for the reasons stated, we are of the opinion that the county of Marshall is entitled to full reimbursement from the county of Redwood for the sums advanced here by Marshall county for the services and supplies furnished Hjalmer Larson, whose legal settlement was at all times in Redwood county. See Annotation, 93 A.L.R. 900.
The order appealed from is reversed and the cause remanded for further proceedings in accordance with this opinion.
MR. JUSTICE LORING, absent because of accidental injuries, took no part in the consideration or decision of this case. *Page 604